The Exchange Bank *v.* Ault *et al.*

Filed June 18, 1885.

## No. 11,723.

### THE EXCHANGE BANK *v.* AULT ET AL.

JUDGMENT.—*Collateral Attack.*—*Presumption.*—*Pleading.*—Where a judgment is attacked collaterally by any pleading, all reasonable presumptions will be indulged in favor of its validity, and the facts alleged must be such as will overcome them.

SAME.—*Notice of Pendency of Action.*—Where a party seeks, by complaint or cross complaint, to impeach the judgment of a court of superior jurisdiction, on the ground that he had no legal notice of the pendency of the action in which it was rendered, he must allege what, if anything, is shown by the record in relation to the issue and service of process on him.

SAME.—*Jurisdiction.*—Where a court has jurisdiction of the subject-matter, it will be presumed, in the absence of any showing to the contrary, that it acquired jurisdiction of the person before rendering judgment.

SAME.—*Collateral Attack by Party to Record.*—Where a party to a judgment seeks to impeach its validity and have it declared void, in a subsequent action, by the allegation of facts *dehors* the record and not apparent on the face of the judgment, such an attack is a collateral one, and can not be made by a party to the record.

From the Owen Circuit Court.

*S. O. Pickens* and *I. H. Fowler*, for appellant.

*W. R. Harrison, W. E. McCord* and *J. C. Robinson*, for appellees.

HOWK, J.—The appellant, the Exchange Bank, as plaintiff, commenced this action against the appellees, Henry J. Ault, Elizabeth Ault, Thomas B. Ault and Mary A. Ault, as defendants. Appellant's complaint, as filed, contained two paragraphs; but, before the trial of the cause, the first paragraph was withdrawn, and it need not be further noticed. In its

second paragraph of complaint appellant alleged that it and the appellees were the owners in fee simple and tenants in common of certain described real estate in Owen county; that no person or persons, or corporation, other than appellant and the appellees, had any interest in or title to such real estate, or any part thereof, in possession, remainder, reversion or otherwise; that appellant was the owner of the undivided two-thirds part of such real estate, and that the appellees were the owners of the residue thereof. Wherefore appellant prayed for partition, etc.

The appellees jointly answered by a general denial of the complaint; and the appellee Thomas B. Ault separately filed a cross complaint in four paragraphs. Appellant's demurrer was sustained as to the first paragraph, and overruled as to the second, third and fourth paragraphs of such cross complaint, and these latter paragraphs appellant answered by a general denial. The issues joined were tried by a jury, who afterwards returned into court a special verdict. The appellee Thomas B. Ault moved the court for a judgment in his favor on the special verdict; and pending such motion appellant moved the court in writing "to render a special finding of its own in writing of the facts, from the evidence in the cause, upon which to give its conclusions of law and render judgment herein." Appellant's motion was overruled by the court, and the motion of appellee Thomas B. Ault was sustained by the court, and judgment was rendered accordingly.

The first error of which appellant complains is the overruling of its demurrer to the second, third and fourth paragraphs of Thomas B. Ault's separate cross complaint.

In the second paragraph of his cross complaint Thomas B. Ault alleged that he was the owner in fee simple, in his own right, of the land described in appellant's complaint; that the only claim of the appellant in or to such land consisted in a judgment and decree of the court below, rendered on the 18th day of December, 1877, in an action wherein appellant was then plaintiff and Thomas B. Ault was defendant, and

wherein it was set forth that appellant had recovered, before that time, in such court a certain judgment against Henry J. Ault and one George White, and that Henry J. Ault had, before that time, fraudulently conveyed such land to Thomas B. Ault to defraud his creditors, and in which action such decree was rendered upon a pretended default of Thomas B. Ault to answer and defend such action ; that such decree was to the effect that such land of Thomas B. Ault was subject to and should be sold to satisfy such judgment against Henry J. Ault and George White, and there was a pretended sale under such decree to the appellant of such land, and a deed by the sheriff of Owen county to appellant, in pursuance of such sale.

And Thomas B. Ault averred that appellant ought not to have or maintain this action, or any benefit or advantage of, or right or claim under, its aforesaid decree or the sheriff's sale or conveyance of such land, because, he said, appellant's aforesaid action against him was begun for the purpose of secretly and without his knowledge procuring an advantage of him and securing, in like manner and without his knowledge, a lien upon his land; that, in pursuance of this purpose, the appellant, on the 18th day of December, 1877, though it well knew that Thomas B. Ault had no knowledge of the commencement or pendency of such action, and well knew that he was the owner in good faith of such land, and that neither George White nor Henry J. Ault had any interest therein, and that Henry J. Ault had not fraudulently conveyed such land to him to defraud his creditors, but intending thereby to cheat and take from him his land, unjustly and without cause, caused such decree to be entered against him as by default; that, in further pursuance of such purpose, the appellant, well knowing that if Thomas B. Ault had information of such action or decree within two years from and after the rendition thereof, he would have caused and had the same to be set aside, caused and permitted such decree to remain without any proceeding thereon, until the — day of February,

1881, and kept him in ignorance during all that time of such action and decree, and thereby prevented him from making application to have the same set aside; that, in fact, as appellant well knew, no summons or other notice was ever, at any time, given Thomas B. Ault of the aforesaid action to subject his land to sale on appellant's judgment against Henry J. Ault and George White; and that he had no knowledge or notice of such decree to sell his land until long after its sale thereunder, and more than three years after the pretended entry thereof; that such land belonged to Thomas B. Ault absolutely, when such decree was rendered and the sheriff's sale thereof made, and Henry J. Ault or George White had no interest therein, and neither of them had conveyed such land to him to defraud their, or either of their creditors. Wherefore Thomas B. Ault prayed judgment that appellant's decree against him of December 18th, 1877, be set aside as fraudulent and void, together with all proceedings thereunder, that he be adjudged the fee simple owner of such land, and that appellant be enjoined from setting up claim thereto or lien thereon by reason of such decree or sale thereunder, and for all other proper relief.

Of the third paragraph of Thomas B. Ault's cross complaint, which is " the ordinary paragraph for quieting title," in their brief of this cause, appellant's counsel say : " We think it is good." We need not, therefore, notice this third paragraph further, in this connection.

The fourth paragraph of such cross complaint contains all the allegations of the second paragraph, in substantially the same language; and, as we have given a full summary of the second paragraph, these allegations need not be repeated here. The fourth paragraph also stated some additional matters, which are not found in the second paragraph, namely : That appellant concealed the rendition of its decree from the cross complainant, for more than four years thereafter, and kept him in ignorance thereof until the commencement of this action, by withholding process thereon during that time, and

removing the papers and records in the aforesaid cause from the office of the clerk of such court; that after the rendition of its decree, appellant treated and acknowledged such land as the property of the cross complainant, by causing the same to be levied on as his property; that long prior to the time of the execution of Henry J. Ault's deed to the cross complainant, which deed, appellant alleged, was executed to defraud the creditors of Henry J. Ault, the cross complainant had been the owner and in the possession of the land described in such deed and in the cross complaint and in appellant's complaint; that prior to the execution of such deed, Henry J. Ault had been the owner and in the possession of an adjoining tract of land of about equal quantity and value as that of cross complainant; that prior to the execution of such deed, the paper and record title to all such lands had been in the names of Henry J. Ault and Thomas B. Ault jointly, and that the deed of Henry J. Ault to the cross complainant was executed at the same time with a deed by the latter to Henry J. Ault of such adjoining tract, to confirm and carry out a partition previously made between them; and that the appellant well knew all the facts aforesaid at the time it commenced its aforesaid action and procured the entry of such decree therein. In this fourth paragraph, the cross complainant prayed judgment that the default and decree against him, in appellant's previous suit, might be set aside and he be permitted to defend such suit to set aside his deed, etc.; that appellant might be forever enjoined from enforcing such default and decree, and from claiming title to such land or any part thereof by virtue of the sale and deed under such decree; that the cross complainant be adjudged the absolute owner of such land, and for all other proper relief.

It is at least doubtful, as it seems to us, whether the matters alleged in either the second or fourth paragraphs of Thomas B. Ault's cross complaint, in this cause, can be regarded as proper matters of counter-claim or cross complaint in such

an action. But, waiving this point, we will consider and decide the question presented by the ruling upon appellant's demurrer and the error assigned thereon, whether or not the facts stated in either the second or fourth paragraphs of the cross complaint are sufficient to show that the decree, of which Thomas B. Ault complains, is absolutely void for the want of process or the service thereof. It is manifest, we think, that each of these paragraphs of cross complaint were pleaded by the cross complainant for the purpose of showing that the decree of the court, under which the appellant claimed title to the land in controversy, was absolutely void. Of course, the cross complainant's attack upon the validity of such decree is a collateral attack, and unless the facts stated by him, in the paragraphs under consideration, are sufficient to show that the decree was and is void, the paragraphs are bad, and the demurrers thereto ought to have been sustained.

In considering such questions, every presumption is indulged in favor of the validity of the judgment or decree sought to be impeached; and where its validity is called in question in or by any pleading, the facts stated therein must be such as will overcome or exclude all reasonable presumptions in its favor. Where a party seeks, by complaint or cross complaint, to impeach the judgment or decree of a court of superior jurisdiction, upon the ground that he had no legal notice of the pendency of the action wherein such judgment or decree was rendered, it is necessary that he should allege in his pleading what, if anything, is shown by the record in relation to the issue and service of process on him in such action. The Owen Circuit Court had jurisdiction of the subject-matter of such action, and we are bound to presume, in the absence of any averment to the contrary, that the court had acquired jurisdiction of the person of the cross complainant, before it rendered the decree against him, which he asked the court, in the pending suit, to set aside

and declare void. If the record of the former action shows, as we must presume that it does in the absence of any allegation to the contrary, that the court below had· acquired jurisdiction of the person of Thomas B. Ault by the issue and service of a summons on him in such action before it entered the default and decree against him therein, of which he now complains, it is certain, we think, that he can not impeach or avoid such judgment or decree in this collateral suit.

We have given the substance of the second and fourth paragraphs of the cross complaint, almost in the language of the pleader. It will be readily seen therefrom that Thomas B. Ault did not allege, in either of such paragraphs, that a summons 'had not been issued for him in the former action, requiring him to appear and answer appellant's complaint therein, nor that such summons had not been duly and legally served on him, in the manner required by law, the proper time before he was defaulted and the decree was rendered therein, which he asks to have set aside and declared void. In the absence of such allegations, we must presume that a summons was duly served on Thomas B. Ault in such former action ; that such summons was legally served on him by the proper officer ; that proof of such service was made to the satisfaction of the court before the rendition of the decree therein, and that all these facts are shown by the record of such action. With the presumptions which must be indulged in favor of the validity of the decree, and in the absence of averments to the contrary, it is clear, we think, that neither of the paragraphs of the cross complaint we are now considering stated facts sufficient to constitute a cause of action against the appellant, or to entitle Thomas B. Ault to the relief demanded therein.

We have said that, in each of the second and fourth paragraphs of his cross complaint, Thomas B. Ault has made a collateral attack upon the validity of the decree rendered against him in the appellant's former action. He has not

averred, in either of such paragraphs, that any of the facts stated therein, upon or by reason of which he claims that the decree in the former action is void and should be set aside, are shown in any manner in or by the record of such action. In the absence of any such averment we are bound to presume, in aid of such decree, that none of the facts stated are shown in or by such record; and that such record is regular and not defective in any particular. Where a party to a judgment or decree seeks to impeach its validity and have it declared void, in a subsequent action, by the allegation of facts wholly *dehors* the record of such judgment or decree and not apparent on its face, such an attack upon its validity is a collateral attack. *Reid* v. *Mitchell*, 93 Ind. 469; *Rogers* v. *Beauchamp, ante*, p. 33. It is settled by many decisions of this court that such an attack upon the validity of a judgment or decree can not be made by a party to the record. *Reed* v. *Whitton*, 78 Ind. 579; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Smith* v. *Hess*, 91 Ind. 424; *Young* v. *Wells*, 97 Ind. 410; *Smith* v. *Clifford*, 99 Ind. 113.

For the reasons given, we are of opinion that the court erred in overruling appellant's demurrers to the second and fourth paragraphs of Thomas B. Ault's cross complaint.

Other errors are assigned by appellant, and have been discussed by counsel in their briefs of this cause, but as the conclusion we have reached, in relation to the insufficiency of the paragraphs of cross complaint, will require a reversal of the judgment, and, perhaps, a change of the issues in the cause, we need not now consider such other errors. They are not likely to occur again upon a new trial of the cause.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrers to the second and fourth paragraphs of cross complaint, and for further proceedings.

Filed June 12, 1885.