Arnold *v.* Arnold.

Filed Jan. 17, 1895.

---

No. 17,162.

## ARNOLD *v.* ARNOLD.

140  199
156  202

HUSBAND AND WIFE.—*Action for Support, Statutory.*—*Sufficiency of Complaint.*—An action by a wife against her husband for support and to secure an order for the sale of his real estate is purely statutory, and can not be maintained at common law. There must be made in the complaint a reasonably fair attempt to bring the case within the terms and conditions of the statute.

SAME.—*Complaint, Circumstances and Mode of Life of Husband and Wife Omitted.*—*Amount Necessary for Her Support.*—If the complaint does not contain a statement of the circumstances and mode of life of the husband and wife, and the amount necessary for her support, it is demurrable.

Arnold v. Arnold.

SAME.—*Construction of Statute.*—The statute giving to a wife the right of action against her husband for support is remedial, and is entitled to a liberal construction with a view to advance the remedy.

BILL OF EXCEPTIONS.— *When Necessary.*—It is only where all the essential facts necessary to show the ground upon which a ruling of the trial court was made appear upon the face of the legal record, that no bill of exceptions is required to present such ruling for review on appeal.

PRACTICE.—*Motion to Make More Specific, Bill of Exceptions.*—A motion to make a pleading more specific must be made a part of the record by a bill of exceptions in order to present the trial court's ruling thereon on appeal; and so likewise must all collateral motions, to form a part of the record.

From the Ripley Circuit Court.

*S. M. Jones,* for appellant.

*J. O. Cravens,* for appellee.

McCABE, C. J.—The appellee sued the appellant as her husband for support under the statute on the ground that he had abandoned her without making any provision for the support of herself or herself and children. The trial court overruled a demurrer to the complaint, and sustained the appellee's motion to strike out the second paragraph of appellant's cross-complaint. The issues formed were tried by the court, resulting in a finding and judgment for the appellee.

A part of the decree was to the effect that on failure of appellant to pay or replevy the judgment, the specific personal and real property mentioned in the complaint was ordered to be sold on an order of sale issued upon the judgment. The only proper assignments of error are:

1st. That the circuit court erred in overruling the demurrer to the complaint.

2d. In sustaining appellee's motion to strike out appellant's cross-complaint.

3d. In overruling appellant's motion for a new trial.

4th. In overruling appellant's motion in arrest of judgment.

The action was prosecuted under the act of 1881. 3 Burns R. S. 1894, sections 6977, 6982, R. S. 1881, sections 5132, 5137.

The complaint showed that the marriage was a second one for both parties, and that the children involved were the children by the appellee's former husband. Sections 6978 and 6979, R. S. 1894 (sections 5133 and 5134, R. S. 1881), are the only ones material to the controversy here. The latter section provides that "the court may make such orders, and allowances in the nature of alimony out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children; and the court may also order the real or personal property of such husband, or both, or any part thereof, to be sold to the highest bidder for cash or on time, upon such terms and in such manner and with such reasonable notice of sale as the court may direct; and the court may also order the leasing of the real estate, or a part thereof, and direct that the rents thereof be applied to such allowances of alimony."

The objection urged to the complaint is that it in no way states what amount will be necessary to the maintenance of the appellee, or of herself and her children. Section 6978 (5133), *supra*, provides among other things that: "The complaint shall also state the circumstances, and mode of life of the husband and wife, and the sum necessary for the support of the wife and children, if there be any."

The action is purely statutory, and could not be maintained at common law, though the statute makes the action partake of the nature of a suit in equity. *Harding* v. *Harding*, 144 Ill. 588.

The action having for its only foundation in law the statute, there must be at least a reasonably fair attempt

in the complaint to bring the case within the terms and conditions of the statute.

No one would suppose that in a complaint of this sort, under this statute, a statement of the circumstances and mode of life of the husband and wife could be omitted without making the complaint fatally defective. These elements are made important by the statute to a judicial determination of the merits of the action. And the same language in the statute imperatively requires the complaint to state the sum necessary for support, etc. The sum necessary is a question of fact, and that fact the statute requires to be stated in the complaint.

In *Boys* v. *Simmons,* 72 Ind. 593, (599) this court said: "The appellant's suit is purely a statutory proceeding, as without the statute he surely could not maintain such suit. In such a case the appellant must state such facts in his complaint as would clearly entitle him to the statutory remedy, * * * for, in a suit authorized by and brought under the provisions of a statute which gives a certain and specific remedy in a given case, the facts stated in the complaint must be sufficient to bring the case within the purview of the statute, and to entitle the complaining party to the specific remedy * therein provided."

In *Storms* v. *Stevens,* 104 Ind. 46 (47–8), this court said: "Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. Such has been the settled law in this State for more than sixty years, and such is the law elsewhere. *Lang* v. *Scott,* 1 Blackf. 405; *Butler* v. *State,* 6 Ind. 165; *Martin* v. *West,* 7 Ind. 657; *McCormack* v. *Terre Haute, etc., R. R. Co.,* 9 Ind. 283; *Toney* v. *Johnson,* 26 Ind. 382; 1 Wait's Actions and Defenses, p. 42."

It is true the statute in question is a remedial one, and

entitled to a liberal construction with a view to advance the remedy. *Harding* v. *Harding, supra; Tousey* v. *Bell,* 23 Ind. 423; *Marion T. U. Drain Co.* v. *Norris,* 37 Ind. 424; *Turnipseed* v. *Schaefer,* 76 Ga. 109, 2 Am. St. Rep. 1; *Union Pacific R. W. Co.* v. *DeBusk,* 13 Am. St. Rep. 221.

But still there must be a complaint filed stating some facts, before relief under the statute can be afforded to any party pursuant to its provisions. And the section from which we have quoted also provides that "such complaint shall set forth the marriage of the parties, the names and ages of the children living with or supported by the wife, and at least one of the grounds of action as specified in the preceding section; and it shall also describe, as specifically as possible, the property of the defendant husband, real or personal, in the State of Indiana, and allege the probable value thereof. Where the codefendant or defendants are indebted in any manner to the husband, or have any property, rights, credits, or choses in action of the husband in their possession or under their control, such fact shall be stated, and the probable amount of such indebtedness, or the value of such rights, credits, choses in action, or property."

And then follows the provision already quoted requiring the complaint to state the sum necessary for the support of the wife, and children if there be any.

The grounds of action specified in the preceding section, at least one of which is required to be stated in the complaint, are: *First,* where the husband shall have deserted his wife, or his wife and children, without cause, not leaving her or them sufficient provision for her or their support. *Second.* When the husband shall have been convicted of a felony and imprisoned in the State prison, not leaving his wife or his wife and children sufficient provision for her or their support. *Third.* When the

husband is an habitual drunkard, and by reason thereof becomes incapacitated or neglects to provide for his family. *Fourth.* When a married man renounces the marriage covenant, or refuses to live with his wife in the conjugal relation, * according to the true intent and meaning of the institution of marriage."

Some one of these causes, together with each and every one of the other facts specified in the section quoted, are required, by the act, to be stated in the complaint in order to maintain the action. If the courts can dispense with one of the specific facts required, outside of the above named causes, they can dispense with all of them. When the objection is taken by demurrer, as was the case here, they can not dispense with the allegation of the sum necessary for the support, etc. See *Carr* v. *Carr*, 6 Ind. App. 377.

But it is contended by the appellee that the demurrer was not overruled to the present complaint, the same, as is claimed, having been amended after the ruling on the demurrer.

After the demurrer was overruled, the appellant moved the court to require the appellee to make the complaint more specific, which motion was sustained, and the appellee complied with that requirement, as is stated in the transcript by the clerk. But the motion and ruling thereon are not made a part of the record by bill of exceptions, nor do we find even a recital in the transcript as to what was inserted in the complaint to make it more specific.

It is only where all the essential facts appear necessary to show the ground upon which a ruling of the trial court was made, that no bill of exceptions is necessary to present such ruling for review on appeal. *State* v. *Cooper*, 103 Ind. 75.

This rule can only be applied to cases where the error,

if error occurred, is apparent upon looking at what properly belongs to the record without the aid of a bill of exceptions.

In speaking of matters which appear on the record, only such things as pertain to the record legally, in the absence of a bill of exceptions, are meant. *Scotten* v. *Divilbiss*, 60 Ind. 37; *Lippman* v. *City of South Bend*, 84 Ind. 276; *Hancock* v. *Fleming*, 85 Ind. 571.

Collateral motions, such as the one here, together with the action of the court thereon, must be made a part of the record by a bill of exceptions, or the same will form no part of the record. · *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424; *Scotten* v. *Divilbiss, supra;* *Boil* v. *Simms*, 60 Ind. 162; *School Town of Princeton* v. *Gebhart*, 61 Ind. 187; *Myers* v. *Conway*, 62 Ind. 474; *Merritt* v. *Cobb*, 17 Ind. 314; *Board, etc.*, v. *Montgomery*, 109 Ind. 69.

There is, therefore, nothing before us but the complaint and the action of the trial court in sustaining a demurrer thereto for want of sufficient facts, as to the question arising upon that ruling. The record failing to show that any change was made in the complaint material or immaterial, after overruling the demurrer thereto, it follows, from what we have said, that such ruling was reversible error. If we are wrong in this, and it be true that it was the duty of the appellant to show affirmatively that the complaint demurred to was the same complaint set out in the record, and that he has not done so, still the motion in arrest of judgment raised the question of the sufficiency of the complaint as it now appears in the record, and the overruling of that motion is assigned for error. It is established law that appellant must bring a record here that affirmatively shows that the error he complains of has been committed.

As the questions arising on the other errors assigned

may not arise on another trial, we deem it unnecessary to consider them.

The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

Filed Feb. 19, 1895.