Bailey *et al. v.* Rinker *et al.*

---

## BAILEY ET AL. *v.* RINKER ET AL.

[No. 17,888.   Filed October 21, 1896.]

EXECUTORS AND ADMINISTRATORS.—*Sale of Real Estate Without Petition or Order of Court.*—A domestic executor may sell real estate without a petition or order of court where the will directs the sale thereof and empowers the executor to make such sale.  *p. 133.*

SAME.—*Sale of Real Estate by Foreign Executor.—Failure to File Authenticated Copy of Appointment.—Jurisdiction of Subject-matter.*—The failure of the circuit court to require a foreign executor to file an authenticated copy of his appointment, and of the will and foreign probate thereof, before granting an application to sell real estate, is an irregularity, but will not amount to such an error as to deprive the court of jurisdiction over the subject-matter.  *p. 135.*

JUDGMENT.—*Collateral Attack.—Pleading.—Complaint.*—Where it is sought to collaterally impeach a judgment for want of notice to the parties against whom it is rendered, it is not sufficient to allege generally the want of such notice, but the complaint must allege what the record of the judgment sought to be impeached discloses on the subject, or the complaint will be bad.  *p. 135.*

VOL. 146—9

Bailey *et al. v.* Rinker *et al.*

SAME.— *Collateral Attack.— Pleading.— Complaint.*—An allegation that none of the heirs or legatees of a testator were made parties to the petition of the executor to sell real estate, is not equivalent to an allegation that they were not parties to the proceedings as disclosed by the record, essential to a complaint collaterally impeaching the decree of sale upon the ground that they had no legal notice of the filing of the petition and the pendency of the action. *p. 138.*

From the Morgan Circuit Court. *Affirmed.*

*Oscar Matthews,* for appellants.

*Holstein & Barrett, M. H. Parks, W. S. Shirley, C. G. Renner,* and *W. R. Harrison,* for appellees.

McCABE, J.—This was a suit seeking to set aside an executor's sale and to obtain partition between the heirs and legatees of Lewis Bailey of certain lands situate in Morgan county, Indiana, which are particularly described and of which said Lewis died seized.

The circuit court sustained a demurrer to the complaint by each of three of the defendants for want of sufficient facts, and the plaintiffs, refusing to plead over or amend and standing upon their complaint, the court adjudged that they take nothing by their complaint.

The correctness of the ruling on such demurrers is the only question presented by the assignment of errors. After stating that said Lewis Bailey departed this life in Cowley county, Kansas, testate, on the 15th day of July, 1880, where he had long resided, naming all the heirs at law he left and their degree of relationship to the deceased, and the share each was entitled to in the land mentioned under the will which it is alleged that the deceased left, in which he directed: "that after all my just debts are paid, that all my real estate of every kind and nature be sold by my executor, and all of the proceeds of such sale be invested in good interest-bearing securities, or bonds, and that

my wife, Keziah Bailey, and my daughter, Sarah A. Bailey, have the interest on said investment during their natural lives, the principal to remain intact. And at the death of my said wife and daughter it is my will and I do hereby declare that all my property, except as hereinafter or otherwise provided, shall be divided, share and share alike, between my children, the child or children of a deceased child of mine to take the share its or their parent would have taken." G. L. Rinker was nominated as executor of the will. It is then alleged that the widow surviving said Lewis, Keziah Bailey, died in Cowley county, Kansas, on the —— day of June 1885, and his said daughter, Sarah A. Bailey, died at the same place on the — day of ———, 1892. Then it is alleged that said Rinker, as such executor, on November 8, 1880, filed a petition in the Morgan Circuit Court, praying for an order to sell the above described real estate, whereupon such proceedings were had; that said court did, upon the 29th day of November, 1880, grant an order to sell said real estate at private sale; that on the 10th day of September, 1886, the said Rinker sold to the defendant, Mary J. Kitchen, the following part of said real estate, which is described. Whereupon the said executor executed and delivered to said Kitchen a deed of conveyance, which deed is recorded in the record of deeds in the office of the recorder of Morgan county, Indiana; that on the 9th day of January, 1894, the said Rinker sold the remainder of said land to the said defendant, Jennetta A. Rinker, and on the 5th day of February, 1894, reported the said sale to said court, and executed and delivered to said Rinker a deed of conveyance therefor, which deed is also recorded in the deed record in said recorder's office; that said sales to Kitchen and Rinker were void for the following reasons, to-wit: That said testator, at the time of his

death, and a long time prior thereto, was a non-resident of the State of Indiana, and was a resident of the State of Kansas. And the petition asking for the order to sell aforesaid was an *ex parte* petition, and on the presentation thereof said executor procured the order to sell aforesaid without making the heirs or legatees of said Lewis Bailey, or any of them, parties to said petition, and without giving them, or either of them, any notice whatever of the filing of said petition and the pendency of said cause. And the said executor did not, prior to the time of filing said petition and obtaining said order, nor has he at any time since filed or caused to be filed an authenticated copy of said will and the probate thereof, together with his appointment as such executor in the said circuit court of Morgan county, Indiana; and that he did not, prior to the filing of said petition, and prior to the entry of said order of sale, nor has he at any time since, procured and presented said will or a copy and the probate thereof to the circuit court of Morgan county, Indiana, and have the same adjudged by the Morgan Circuit Court to be the last will and testament of said Lewis Bailey, nor did he, prior thereto, nor has he at any time, caused said will and the probate thereof to be probated and recorded in the order book of said Morgan Circuit Court, or upon any of the records of said court.

And plaintiffs further aver that said sales are void for the further reason that it is provided in said will that at the death of the said testator's wife, Keziah, and daughter, Sarah A. Bailey, all his property, both real and personal, should be divided, share and share alike, between his children, the child or children of a deceased child to take the parent's portion; that no power was conferred on the executor by the will to sell or dispose of any of said real estate

after the death of the beneficiaries therein named, Keziah and Sarah A. Bailey; but that in violation of the express terms of said will said sales were made after the death of said Keziah and Sarah A. Bailey.

It is also alleged that Jennetta A. Rinker mortgaged her portion of said real estate to Hiram Brown, which mortgage, it is alleged, has been recorded, and that the same has been assigned to the defendant, Clark N. Smith. A part of the relief sought is to set aside this mortgage because, as it is claimed, the executor's sales were void.

The invalidity of such sales is sought to be maintained on the ground that if they rest on the power of the foreign executor, conferred on him by the terms of the will, then the sales are void because a certified copy of the will and the foreign probate thereof had not been allowed by the Morgan Circuit Court as the last will of the deceased, and ordered by such court to be filed and recorded by the clerk thereof. And if such sales rest on the alleged order of the Morgan Circuit Court, then they are void because the heirs and legatees were not made parties to the petition to sell, and were not notified of the proceedings resulting in the order of sale.

In case of a domestic executor, where the will, as here, directs and empowers him to sell real estate, he may do so without a petition or an order of court. Burns' R. S. 1894, sections 2514, 2515 (R. S. 1881, 2359, 2360); *Munson* v. *Cole*, 98 Ind. 502; *Davis* v. *Hoover*, 112 Ind. 423.

Among other things, it is provided in our Statute of Wills as to foreign wills, that: "Such will or copy, and the probate thereof, may be produced by any person interested therein to the circuit court of the county in which there is any estate on which the will may operate; and if the said court shall be satisfied

that the instrument ought to be allowed as the last will of the deceased, such court shall order the same to be filed and recorded by the clerk; and, thereupon, such will shall have the same effect as if it had been originally admitted to probate and recorded in this State." Burns' R. S. 1894, section 2763 (R. S. 1881, 2593). A foreign executor may sell or procure an order of sale of lands in this State by complying with our laws in the same manner that a domestic executor can. *Lucas* v. *Tucker*, 17 Ind. 41; *Rapp* v. *Matthias*, 35 Ind. 332.

It would seem, then, if a foreign executor attempts to make a sale of real estate in this State by virtue of the power to sell conferred on him in the will he must comply with the above quoted section of the statute.

A section of the decedent's act provides that: "When any executor or administrator shall be appointed without, and there shall be no executor or administrator within this State, the testator or intestate not having been, at the time of his death, an inhabitant thereof, the executor or administrator so appointed may file an authenticated copy of his appointment in the circuit court of any county in which there may be real estate of the deceased; after which he may be authorized by such court to sell real estate for the payment of debts or legacies in the same manner and upon the same terms as in the case of an executor or administrator appointed in this State, except as hereinafter provided." Burns' R. S. 1894, section 2519 (R. S. 1881, 2363).

This section authorizes the proper circuit court to make an order of sale upon the application of a foreign executor, precisely the same as a domestic executor or administrator, except that it requires the foreign executor to file an authenticated copy of his appointment in the circuit court.

The failure of the circuit court to require the foreign executor to file an authenticated copy of his appointment and the foreign will to be allowed and recorded before granting the application to sell, may have been an irregularity or error, but such error did not deprive the court of jurisdiction over the subject-matter.

A judgment cannot be collaterally impeached, as is attempted to be done here, for a mere error, if the court rendering it had jurisdiction of the subject and parties. *State, ex rel.,* v. *Morris, Aud.,* 103 Ind. 161; *Dowell* v. *Lahr,* 97 Ind. 46.

Therefore, the allegation of the commission of the error named was not sufficient to enable the appellant to collaterally impeach and set aside the order of sale.

The other ground for assailing and setting aside the order and sales thereunder is stated in the complaint in the following words: "and did, without any other authority, and without making said heirs and legatees, or any of them, parties to said petition, and without giving them, or either of them, any notice whatever of the filing of said petition and the pendency of said cause," did, on, etc., make the order of sale. It has long been settled in this court that where it is sought to collaterally impeach a judgment for want of notice to the parties against whom it is rendered, it is not sufficient to allege generally the want of such notice, but the complaint must allege what the record of the judgment sought to be impeached discloses on the subject, or the complaint will be bad.

In the *Exchange Bank* v. *Ault,* 102 Ind. 322, at page 327, it was accordingly said: "Where a party seeks, by complaint or cross-complaint, to impeach the judgment or decree of a court of superior jurisdiction, upon the ground that he had no legal notice of the pendency of the action wherein such judgment or decree was rendered, it is necessary that he should al-

lege in his pleading what, if anything, is shown by the record in relation to the issue and service of process on him in such action. The Owen Circuit Court had jurisdiction of the subject-matter of such action, and we are bound to presume, in the absence of any averment to the contrary, that the court had acquired jurisdiction of the person of the cross-complainant, before it rendered the decree against him, which he asked the court, in the pending suit, to set aside and declare void. If the record of the former action shows, as we must presume that it does in the absence of any allegation to the contrary, that the court below had acquired jurisdiction of the person of Thomas B. Ault by the issue and service of a summons on him in such action before it entered the default and decree against him therein, of which he now complains, it is certain, we think, that he cannot impeach or avoid such judgment or decree in this collateral suit." To the same effect are *Reid* v. *Mitchell*, 93 Ind. 469; *Dowell* v. *Lahr*, *supra*; *Shoemaker* v. *South Bend, etc., Co.*, 135 Ind. 471, 22 L. R. A. 332; *DePuy* v. *City of Wabash*, 133 Ind. 336.

And the same rule has been applied by this court correctly, we think, as to other matters, whereby the validity of the former judgment is sought to be collaterally assailed. In a suit on a forfeited recognizance an answer set up an unauthorized change in the date of the indictment, but did not state what the record disclosed as to whether such change was made without the knowledge or consent of the recognizers. And, as to that matter, this court said: "It is settled by our decisions that a record cannot be impeached collaterally, by the allegation of matters *dehors* the same, unless the complaint states what is shown by the record in relation to such matters." *Rubush* v. *State*, 112 Ind. 107.

Bailey *et al. v.* Rinker *et al.*

In another very similar case, *Reid* v. *Mitchell, supra,* a special judge had been called to try a case on a change of judge, and pending the trial he called an attorney to sit in his place, went off home out of the county, the called attorney finishing the trial, and afterwards the special judge returned and resumed the bench and rendered judgment on the verdict rendered in his absence. The unsuccessful party filed a complaint to set aside that judgment. This court there said: "Aside from these matters, however, it is very clear, as it seems to us, that in each paragraph of his complaint the appellant makes a collateral attack upon the judgment in the original cause, by alleging facts not shown by the record. If the record fails to show, as we must assume that it does, in the absence of an averment to the contrary, that Judge Robinson was absent at any time, or that A. C. Voris, Esq., presided as judge at any time during the trial of the cause, the appellant cannot procure the vacation of the judgment by alleging, as facts, the absence of Judge Robinson or the action of Voris during the trial, in contradiction of the record; if, in other words, the record of the original cause shows, as we must assume that it does, in the absence of any contrary averment that Judge Robinson alone presided at, during and throughout the entire time of the trial, and at the rendition of the judgment, then the appellant cannot collaterally attack, impeach, or contradict the record by alleging as facts that Judge Robinson was absent from the court and county, and that, while so absent, Mr. Voris presided as judge during a part of the trial of the original cause. This is precisely what the appellant has sought and is seeking to do in each paragraph of his complaint in this cause." For these reasons the complaint was held insufficient.

The allegation that none of the heirs and legatees

Board Com'rs Co. of Jackson *v.* Board Com'rs Co. of Washington.

were made parties to the petition to sell is not an allegation that the record discloses that they were not parties to the proceeding.    The statute provides that "any person not a party to the petition may    *    *    * be admitted as a party to the proceedings and set up any interest in or lien upon the land, and have the same heard and determined."    Burns' R. S. 1894, section 2498 (R. S. 1881, 2343).

These persons may be parties to the proceeding without being parties to the petition. And, therefore, in the absence of an averment that the record shows the contrary, we are bound, by the principles above set forth, to presume that they were made parties to the proceeding, though not made parties to the petition to sell.

For these reasons the complaint did not state facts sufficient, and the court did not err in sustaining the demurrer thereto.

The judgment is affirmed.

JORDAN, J., took no part in this decision.