## DAVIS, SHERIFF, *v.* CLEMENTS.

[No. 18,203. Filed October 29, 1897.]

INJUNCTION.—*Judgments.—Collateral Attack.*—A proceeding to enjoin the enforcement of a judgment or decree by execution or decretal order is a collateral attack upon the judgment, and cannot be maintained for mere irregularities, but only by showing that the judgment or decree, or the part thereof, the enforcement of which is sought to be enjoined, is void. *p. 607.*

JUDGMENTS.—*Presumptions as to Validity.—Complaint to Enjoin Enforcement Of.*—It will be presumed on appeal that a judgment rendered by a court of general jurisdiction is valid, and a complaint in an action to enjoin the enforcement thereof to be sufficient against a demurrer, must overcome or exclude such presumption. *p. 608.*

SAME.—*Complaint to Enjoin Enforcement Of.—Sufficiency.*—A complaint by the wife of a judgment debtor to enjoin the enforcement of a judgment and decree ordering the foreclosure of a mortgage and the sale of real estate of which her husband was the owner in fee simple, and directing that the proceeds of such sale, after the satisfaction of such mortgage, be applied to the payment of certain judgments, for the reason as alleged in her complaint that she was not made a party to any cross-complaint by any co-defendant in such proceeding, is insufficient where it is not alleged by whom the action in which such decree was rendered was begun, or that such part of the decree assailed was rendered upon a cross-complaint. *pp. 608, 609.*

PLEADING.—*Complaint.—Action to Enjoin Enforcement of Judgment. —Sufficiency.*—A complaint in an action to enjoin the enforcement of a judgment, must allege what the record of the case in which the decree was rendered shows on the subject. *p. 609.*

SAME.—Facts, not conclusions, should be stated in pleadings. *p. 610.*

From the Montgomery Circuit Court. *Reversed.*

*H. H. Ristine*, for appellant.

*M. M. Bachelder* and *George Harvey*, for appellee.

MONKS, J.—This action was brought by appellee against appellant, as sheriff of Montgomery county, to enjoin him from paying out money as ordered by a judgment and decree of foreclosure, as shown by a copy of the decree in his hands for execution.

It is alleged in the complaint that "the Ladoga Building, Loan, etc., Association, on December 14, 1895, obtained in the Montgomery Circuit Court against appellee and her husband, a judgment for $541.11 and costs and a decree of foreclosure for the sale of certain real estate (describing it); that in said decree the appellant as sheriff was ordered to sell said real estate and apply the proceeds of sale as follows: first, to the payment of costs; second, on judgment of the Ladoga Building, etc., Association; third, on judgment of record, held by Daniel J. Davis and Thomas Rankin against Robert Clements; fourth, on judgment of John Maloney against Robert Clements; that Robert Clements is and was at the time of executing mortgage to the Ladoga Building, etc., Association the owner in fee simple of said real estate, and that the appellee was at the time of execution of said mortgage, and ever since has been the wife of said Clements; that she signed said mortgage and is entitled to a one-third interest in said real estate, and is entitled to have said cost and judgment on mortgage paid out of said Clements' two-thirds interest in said real estate, before coming into her one-third interest, and that she is entitled to have one-third of the proceeds of the sale of said land paid to her before any shall be applied on the other judgments against said Clements; that the decree ordering an application of any of the proceeds from said sale upon other judgments

than the Ladoga Building, etc., Association is not binding upon her one-third interest; that she was not made a party to a cross-complaint by any co-defendant in said foreclosure proceedings; that the appellant has advertised said real estate to be sold on the 25th day of July, 1896, and he will sell the same on that day, and will, unless otherwise ordered by the court, apply the proceeds in the order named in said decree, which would greatly injure her and defraud her of her one-third interest in said real estate; that said real estate is worth $1,200.00, and she will thereby be defrauded out of $400.00," etc. Appellant's demurrer to the complaint for want of facts was overruled.

After issues were formed, the cause was tried by the court, and a special finding made and conclusions of law stated thereon in favor of appellee, to each of which conclusions of law appellant excepted.

Before the trial of said cause, appellant sold said real estate on said decree for $1,200.00, and the court rendered judgment on the special finding, that appellant pay to the clerk of the court, for the benefit of appellee, all the proceeds of said sale remaining after the payment of the cost of said sale and the amount of the judgment and decree in favor of the Ladoga Building, etc., Association, not exceeding, however, $400.00.

It is settled law that a proceeding to enjoin the enforcement of a judgment or decree by execution or decretal order is a collateral attack upon the judgment, and cannot be maintained for mere errors or irregularities, but only by showing that the judgment or decree, or the part thereof, the enforcement of which is sought to be enjoined, is void. *Shrack* v. *Covault*, 144 Ind. 260; *Krug* v. *Davis*, 85 Ind. 309, and cases cited; *Earl* v. *Matheney*, 60 Ind. 202; *Gum-Elastic Roofing Co.* v. *Mexico Pub. Co.*, 140 Ind. 158, 30 L. R. A. 700, and cases cited; *Fitch* v. *Byall* (Ind. App.), 47 N. E. 180.

The presumption is, that the part of the decree sought to be impeached by appellee, a party thereto, being rendered by a court of general jurisdiction, is valid, and unless the facts stated in the complaint are sufficient to overcome or exclude this presumption, the demurrer thereto should have been sustained. *Exchange Bank* v. *Ault,* 102 Ind. 322, 327; *Bailey* v. *Rinker,* 146 Ind. 129, and cases cited; *Cassady* v. *Miller,* 106 Ind. 69, 71, 72, and cases cited; *Indiana Oolitic Limestone Co.* v. *Louisville, etc., R. W. Co.,* 107 Ind. 301, 305, and cases cited; *Sims* v. *Gay,* 109 Ind. 501, 503, and cases cited; *Phillips* v. *Lewis,* 109 Ind. 62, 68; *Nichols* v. *State,* 127 Ind. 406, 413.

Appellee contends that co-defendants can have no relief as between themselves, except upon a cross-complaint to which the defendants between whom the relief is sought are made parties, and that under this rule the complaint was sufficient to withstand the demurrer for want of facts. While there are authorities which sustain the rule as stated by appellee, there are cases which hold that adverse interests between co-defendants may be passed upon and a decree made between them, grounded upon the pleadings and proof between the complainant and defendants, and founded upon and connected with the subject matter in litigation between the complainant and one or more of the defendants. See 5 Ency. of Pl. and Prac., pp. 637, 638, where the cases are collected; see, also, *Elliott* v. *Pell,* 1 Paige Ch. (N. Y.), 263; 2 Dan. Ch. Prac., section 1370, note 6; Story Eq. Pl., section 392, note 3; VanFleet Collateral Attack, sections 749, 750; 1 VanFleet Former Adjucation, p. 573. But if the rule, as stated by appellee, be correct, which we need not and do not decide, the complaint was not sufficient. The part of the complaint which it is claimed brings the case within the rule stated, and shows that appellee

is not bound by the order to pay the judgment in favor of Davis and Rankan, and the judgment in favor of Maloney is, "that she was not made a party to a cross-complaint by any co-defendant in said foreclosure proceedings." It is not alleged in the complaint that the Ladoga Building, etc., Association commenced the action in which the decree was rendered, so far as the facts alleged show, the other parties to said decree, Davis and Rankin, or Maloney, may have commenced the same by complaint against the Ladoga Building, etc., Association, appellee, and others as defendants, and such association may have obtained its judgment and decree on a cross-complaint. It is not shown by the complaint that the part of the decree assailed was rendered upon a cross-complaint. For all that appears from the complaint, it may have been rendered upon the complaint to which appellee was a party. Even if it were alleged that the Ladoga Building, etc., Association commenced the action, making appellees, Rankin and Davis and Maloney defendants thereto, it would not be sufficient, upon appellee's theory of the case, even if correct, to aver that she was not made a party to any cross-complaint. To properly present the question the complaint must allege what the record of the case in which the decree was rendered shows on the subject. *Phillips* v. *Lewis, supra; Krug* v. *Davis, supra; Cassady* v. *Miller, supra; Bailey* v. *Rinker, supra.*

The allegation "that she is entitled to have one-third of the proceeds of the sale of said land paid to her before any shall be applied on other judgments against Robert Clements," states only a legal conclusion. The facts concerning said judgments, and date when rendered, and whether specific or only general liens, should be stated. Facts, not conclusions, should

be stated in pleadings. *Caskey* v. *City of Greensburg*, 78 Ind. 233, 237, and cases cited; *Krug* v. *Davis, supra,* and cases cited; *State, ex rel.,* v. *Casteel,* 110 Ind. 174, 187; *Lawrence* v. *Beecher,* 116 Ind. 312, 316; *Western Union Tel. Co.* v. *Taggart,* 141 Ind. 281, 283.

The conclusions of law stated by the court in favor of appellee are erroneous for the same reasons which render the complaint insufficient.

Judgment reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.