## COMSTOCK ET AL. *v.* BRANDON.

[No. 3,786.   Filed October 24, 1901.]

HUSBAND AND WIFE.—*Action by Wife for Support.—Jurisdiction.— Liens.—Priority.*—A wife brought suit against her husband for support, in the county of her residence, and in which there was property belonging to her husband, and joined as defendants persons indebted to him. The summons was returned without service upon the husband, and process was issued for him in another county and service by copy made. Judgment was rendered in her favor and the land situated in the latter county was ordered sold. Pending the sale, a transcript of a judgment obtained by appellant against the husband was filed. *Held*, that the court had jurisdiction of the person and property of defendant husband, and had control of the property, to be disposed of by it for a specific purpose, when the transcript was filed, and that the lien of appellant's judgment did not attach to the land.

From Wells Circuit Court; *W. H. Carroll*, Special Judge.

Action by Mary S. Brandon against Ezra Y. Comstock and others to quiet title to certain real estate. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*A. N. Martin* and *W. H. Eichhorn*, for appellants.

*J. S. Dailey, A. Simmons* and *F. C. Dailey*, for appellee.

ROBINSON, J.—The controversy between appellants and appellee is as to the ownership of certain land. A decree was rendered in appellee's favor quieting her title to the land. Appellants assign as error the overruling of their motion for a new trial.

On November 28, 1889, appellee, residing in Huntington county, Indiana, was the wife of Winfield S. Brandon, and on that day she begun, in the Huntington Circuit Court, the

statutory action for support of herself and two children. She also made defendants a number of persons residing in Huntington county who were either indebted to her husband or had property belonging to him. On February 12, 1890, judgment was rendered in her favor and at the same time the land here in controversy, situated in Grant county, Indiana, was ordered sold and the proceeds applied in payment of the judgment, and a commissioner was appointed to make the sale. On April 23, 1890, the land was sold by the commissioner, to appellee, and a commissioner's deed afterwards executed to her. On March 8, 1890, appellant obtained a judgment against Winfield S. Brandon in the Tipton Circuit Court, and on March 18, 1890, a transcript of the judgment was filed in Grant county; an execution was issued and the land in controversy sold to appellant, and afterwards a sheriff's deed was executed to appellant.

It appears that in the suit by the wife for support a summons for the husband was issued to the sheriff of Huntington county, and returned "not found." A summons was then issued to the sheriff of Grant county and served by leaving a copy at his last and usual place of residence. It is argued by appellants that this did not give the Huntington Circuit Court jurisdiction of the person, and also that the Huntington Circuit Court did not have jurisdiction to sell the land situated in Grant county.

It is well settled that if a court of general jurisdiction has jurisdiction of the subject-matter of the action and of the parties its judgment is binding until reversed or set aside, and that it can not be collaterally attacked. Appellant argues certain irregularities in the proceedings resulting in the conveyance by the commissioner to appellee; but these are not available in this suit, if the Huntington Circuit Court had jurisdiction of the person of Winfield S. Brandon and of the subject-matter in the suit by the wife for support.

There are two statutes giving a wife a right of action for support in case of abandonment by the husband. Act in

force September 19, 1881, §§6977-6982 Burns 1901; and act of March 7, 1857, §§6984-6986 Burns 1901. These acts seem to be wholly independent of each other and each provides a complete remedy. It is not clear under which act, if under either alone, the proceedings for support were had. But as these statutes are in *pari materia* they must be construed together, and if, under such construction, the proceedings had in the suit for support were authorized, the judgment and decree in that action must be upheld.

There. is nothing in the act in force September 19, 1881, which would prevent the wife bringing the suit in the county where she resides, and the act of 1857 expressly authorizes it. It is not to be supposed that it was intended that an abandoned wife should follow the husband and bring the action in the county where he may happen to reside, if a resident of the State. Provision is made that if the husband is a non-resident of the State service of process may be had by publication. It is provided that the wife may, in such suit, join as defendants such other persons as may be indebted to him or have rights, credits, and choses in action belonging to him and cause process to issue for them. This was done in that suit. It was brought in the county of her residence and where there was property belonging to the husband. After the summons issued to the sheriff of Huntington county was returned "not found" a summons was issued to the sheriff of Grant county and a return of service by copy was made. As she had the right to bring the action in Huntington county, this gave the Huntington Circuit Court jurisdiction of the person of the defendant husband.

The statute (§6978, *supra,*) provides that the complaint for support shall set forth, among other things, "the property of the defendant husband, real or personal, in the State of Indiana." And (§6979, *supra,*) the court "may make such orders and allowances, in the nature of alimony, out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children; and the court

may order the real or personal property of such husband, or both, or any part thereof, to be sold to the highest bidder for cash or on time, upon such terms", etc.   It is also provided (§6981, *supra*,) that sales of real estate shall be of the entire fee and divest the wife's inchoate right and shall be made by a receiver or commissioner appointed for that purpose, and that "the court shall have power to confirm sales, to order deeds, and to require mortgages or other security, as in other cases; and the purchaser's title shall not be questioned collaterally, if the court had jurisdiction of the person of the defendant by service of process, or where the defendant husband may have left the State of Indiana or absconded to parts unknown, by publication of notice of the pendency of the action as in cases of non-residents of the State."

The purpose of these statutes is to give the wife a summary remedy against the property of an absconding husband.   The court is given the power to order the sale of the husband's lands "in the State of Indiana." · The statute requires that the complaint shall describe as specifically as possible the real property of the defendant husband, not simply in the county where the action is brought, but in the State.   Upon the filing of the proper complaint and service of process the real and personal property of the husband in Indiana, comes within the jurisdiction of the court.   If necessary to give the relief to which the wife is entitled the court may decree a sale of the real estate and appoint a commissioner to make the sale and a deed.   The proceeding is against the property itself.   The statute expressly provides that if the court had jurisdiction of the person the purchaser's title shall not be questioned collaterally.   Doubtless the legislature contemplated that a question might arise as to a purchaser's title of lands outside the county where the action was brought and protected such purchases by this provision.

It was not until after the decree in the suit for support had been rendered, the land ordered sold, and a commis-

sioner appointed to make the sale, that appellant filed the transcript of his judgment in Grant county. The lien of his judgment could at that time attach only to the interest the husband then had in the land. It could not be made effectual to bind or convey any greater interest in the land than the husband at that time could have voluntarily transferred. See, *Old Nat. Bank* v. *Findley,* 131 Ind. 225; *Foltz* v. *Wert,* 103 Ind. 404; *Wharton* v. *Wilson,* 60 Ind. 591; *Hays* v. *Reger,* 102 Ind. 524.

The abandoned wife is entitled to support out of her husband's property. She has an interest in his property to that extent. She may abandon her rights, but if she concludes to enforce them the statute provides she may do so in a summary manner. The statute does not contemplate that she shall recover a judgment against the husband and enforce its payment by a sale of his property, but gives her the right to proceed against his property in the first instance. The proceeding is *in rem*. As the statute is a remedial one it should be given a liberal construction with a view to advance the remedy. *Arnold* v. *Arnold,* 140 Ind. 199. See, also, *Stanbrough* v. *Stanbrough,* 60 Ind. 275.

When appellants filed the transcript the land in controversy was in the control of the court, to be disposed of by it for a specific purpose. That purpose could not be defeated, as we construe the statute, by a lien acquired after the court had decreed a sale of the land and appointed a commissioner for that purpose.

Judgment affirmed.