## CLARK *v.* CLARK.

[No. 25,624. Filed June 27, 1930.]

*Myron C. Jenkins,* for appellant.
*Charles T. Kaelin* and *Hugh D. Wickens,* for appellee.

WILLOUGHBY, C. J.—This suit was commenced by appellant to set aside and vacate a judgment of $3,000, obtained by appellee, Chlo Clark, as the wife of Milton H. Clark. The judgment was obtained in the superior court of Marion County, and an order of said court required the payment of said sum and costs by Rosa Logan and John Doles, who held funds of said appellant as his trustee under the will of Thomas J. Clark, deceased.

The appellant's complaint is in three paragraphs. The first paragraph of the complaint declares that the judgment against appellant was taken and entered by default and without jurisdiction of appellant; that appellant was a nonresident of the State of Indiana, without appearance in person or by attorney at the said cause,

and without process having been served on him within the State of Indiana; and that said judgment is *in personam*, and without due process of law.

The second paragraph of complaint declares that the judgment against appellant was without due process of law, in violation of the Constitution of the United States, and in violation of the law of the State of Indiana.

The third paragraph of complaint alleges that, on March 7, 1927, the defendant brought her action against this plaintiff to recover judgment for support against Milton H. Clark and Rosa Logan and John Doles, as trustees under the will of Thomas J. Clark, deceased, and for payment of money in satisfaction of such judgment. That, on June 1, 1927, in the superior court of Marion County, said defendant, Chlo Clark, recovered judgment against this plaintiff in the sum of $3,000, for support, and procured an order against the defendants Rosa Logan and John Doles, trustees, for payment and satisfaction of said judgment from property and funds in said trustees' hands, as such trustees, belonging to and the property of Milton H. Clark. That a copy of the affidavit for publication of notice to Milton H. Clark, defendant in said action, is filed herewith and made a part of this complaint. That copy of the notice to nonresident by Chlo Clark, plaintiff in said cause in which said judgment was obtained and order made, is filed and made a part of the complaint. It also alleges there was error of law, in this, said court did not have jurisdiction of this plaintiff at the time said hearing was had, for the following reasons: That said plaintiff was not a resident of said Marion County, Indiana, nor a resident of the State of Indiana, at the time of the hearing, rendering of said judgment, and making said order; that there was no appearance for said plaintiff in said action, in person, or by attorney, at the time of the hearing of said cause, the rendering of said judgment, and

making said order; that said plaintiff has not had residence in said Marion County, Indiana, since prior to the filing of the action of said Chlo Clark in which said judgment and order were obtained. That said judgment and order were in default of defendant's appearance, in person, or by attorney, and without process having been served on him in said cause, and a non-resident of the State of Indiana. That said judgment is *in personam* and without due process of law under the provision of Article 5, in amendment of the Constitution of the United States, being §29 Burns 1926. That the title to the act of 1923, Acts 1923 p. 190, is indefinite, uncertain, and does not indicate or in any way express the purpose or proceeding as to husband and wife that is to be heard and determined by the court. The complaint also shows that the affidavit for publication was made as to the husband and summons served on Rosa Logan and John Doles by personal service in the State of Indiana. That notice to nonresident Milton H. Clark was given by publication.

The defendant Chlo Clark demurred separately and severally to each paragraph of the complaint, and says that none of said paragraphs of complaint states facts sufficient to constitute any cause of action against this defendant, or any cause for vacating the judgment therein referred to.

This demurrer was sustained to each of said paragraphs of complaint, and the record shows that said demurrer having been sustained and the plaintiff failing and refusing to amend his complaint, abides the ruling of the court, and the court rendered judgment on the demurrer as follows: "It is therefore considered and adjudged by the court that the plaintiff take nothing by this action, and that the defendant recover of the plaintiff her costs and charges in this cause laid out and expended, to which the plaintiff excepts. And said plaintiff now prays an appeal to the Supreme Court of Indiana, which

is granted on the filing of an appeal bond in the sum of $6,000."

The appellant assigns error in sustaining the demurrer to each paragraph of the complaint.

In the complaint of appellant to vacate appellee's judgment there is no averment or even suggestion that said judgment was procured by any fraud, or in any other improper manner, or that the judgment is unjust, or that appellant has any defense to appellee's action in which the judgment was rendered. It is not denied that he was guilty of failure to support his wife, that he owned the property, or that the same was in the custody of Doles and Logan, in the State of Indiana, as trustees. It is not denied that process was properly served upon the trustees having control and custody of appellant's property, and no excuse or reason is shown for the failure of appellant or Doles and Logan to appear at the time of the trial. It is not even averred that appellant did not have actual knowledge of the pendency of the suit in which the judgment was rendered, the day of the trial, and an opportunity to be present at said time, and that he has used diligence or been free from laches.

Appellee's judgment sought to be vacated was rendered by a court of superior general jurisdiction, having jurisdiction of the subject-matter of the action. This judgment is sought to be vacated, not because of fraud, but solely because it is claimed that the court did not have jurisdiction of the defendant therein, by reason of lack of notice. In support of this objection, appellant has only pleaded matters outside the record, and has not alleged that the record shows or does not show anything with reference to the alleged want of jurisdiction. The Marion Superior Court has jurisdiction, original and concurrent with the circuit court in said county, in all civil cases except slander, and except such causes of

which the common pleas court on February 15, 1871, had original exclusive jurisdiction. §1536 Burns 1926.

It is not averred in appellant's complaint that the record in the support action shows service of process or that it does not show any such service. His complaint is wholly silent as to anything in the record in the support action concerning his appearance in that cause. It does not show that he did not file an answer or otherwise appear therein and that he did not consent to the judgment.

In her complaint for support, after showing the property and credits of her defendant husband were in the hands of the other defendants in the State of Indiana, appellee prayed judgment against him of said sum of $3,000, the same to be paid out of the property of said defendant above described. The judgment in the suit for support is as follows: "It is further ordered and decreed by the court that said plaintiff recover from said Milton H. Clark, judgment for $3,000 and costs and that said $3,000 and costs shall be paid by defendants Rosa Logan and John Doles, trustees under the last will and testament of Thomas J. Clark, deceased, from any funds or credits in their hands and from any sum owing by them to said Milton H. Clark, or in which, or the proceeds of which, he has any interest, and said Rosa Logan and John Doles, trustees, as aforesaid, are ordered to apply to the payment and satisfaction of plaintiff's said judgment and costs without relief, all funds or credits in their hands, as such trustees, belonging to said defendant, Milton H. Clark, and all sums owing by said trustees to said defendant Clark, and apply to the payment of said judgment all property and the proceeds of all property in their possession or control as such trustees, belonging to said Milton H. Clark, or in which he has any interest, said payments to be made to the Clerk of this court and said defendants trustees shall file with the Clerk of this

court a duly verified statement by them showing in detail all such funds, credits, indebtedness or property in their hands or owing by them as such trustees to said Milton H. Clark, and the application thereof. And said defendant trustees are forbidden to pay to said defendant, Milton H. Clark, any such funds, credits or indebtedness or to transfer or in any way dispose of said property funds or credits except to apply the same as herein ordered."

This is not a judgment *in personam,* but a judgment *in rem. Comstock* v. *Brandon* (1901), 27 Ind. App. 475, 61 N. E. 686; *Cooper* v. *Reynolds* (1870), 77 U. S. (10 Wall.) 308, 19 L. Ed. 931; *Heidritter* v. *Elizabeth Oilcloth Co.* (1884), 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729.

Complaints to review judgments must be sufficient without reference to exhibits filed therewith. *Wabash R. Co.* v. *Young* (1900), 154 Ind. 24, 55 N. E. 853; *Murphy* v. *Branaman, Admr.* (1901), 156 Ind. 77, 59 N. E. 274.

The action for support in this case was brought under Acts 1923, ch. 63, and was a proceeding *in rem.* The allowance or judgment against the defendant did not bind him personally, but is binding to the extent of the property within the jurisdiction of the court. The judgment returned in favor of the appellee, on its face, is to be satisfied only from the proceeds of property of appellant in the control of the court, and not by execution against him.

In determining the character of the judgment, the court will look to the entire proceedings and assume that the Marion Superior Court intended to do only that which it had authority to do, to render the judgment to be paid exclusively out of the property of the appellant in the control of that court.

Chapter 63, Acts 1923 p. 190, is an act entitled, "An

act concerning husband and wife, and declaring an emergency." Section 10 of that act provides how a married woman may obtain provision for support of herself and infant child or children of herself and husband in her custody in any of the following cases: [The cases are here enumerated to which this act is applicable.] Section 11 of the same act provides how the action may be commenced and what the complaint shall contain. Section 12 of the act provides that whenever process has been served or publication made, the court shall hear and determine said cause, and if the facts stated in the complaint are found to be true, the court may make such orders and allowances in the nature of alimony out of the husband's estate as may seem just and equitable and for the best interests of such wife and children; and the court may also order the real or personal property of such husband, or both, or any part thereof, to be sold to the highest bidder for cash or on time, upon such terms, and in such manner, and with such reasonable notice of sale, as the court may direct. When it appears that any party to the action is indebted to the husband, or has rights, credits, choses in action, or any property of her husband in his possession or under his control, the court shall order such party to apply the same in satisfaction of the judgment. The title to this act is sufficient to cover the subject-matter of the act and the method of procedure. *Barnett* v. *Harshbarger, Admr.* (1886), 105 Ind. 410, 5 N. E. 718; *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289, 102 N. E. 132; *Hedderich* v. *State* (1885), 101 Ind. 564, 1 N. E. 47, 51 Am. Rep. 768; *State* v. *Bailey* (1901), 157 Ind. 324, 61 N. E. 730, 59 L. R. A. 435; *Ross* v. *Davis* (1884), 97 Ind. 79; *Wishmier* v. *State, ex rel.* (1884), 97 Ind. 160; *Shipley* v. *City of Terre Haute* (1881), 74 Ind. 297.

The Marion Superior Court, in which this action for support was brought, was a court of general jurisdiction,

and all presumptions and inferences are in favor of the judgment of the court. The court had jurisdiction over the subject-matter of the action and of the person. The notice to the defendant in the action was by publication and did not warrant a personal judgment against him, but such notice and the service of process upon the persons who had the custody and control of the property sought to be applied in this proceeding to the support of the wife brought them and the property within the jurisdiction of the trial court.

The presumption of regularity and jurisdiction prevails. *Young* v. *Wiley* (1914), 183 Ind. 449, 107 N. E. 278; *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963; *Exchange Bank* v. *Ault* (1885), 102 Ind. 322, 1 N. E. 562; *Sarber* v. *Rankin* (1900), 154 Ind. 236, 56 N. E. 225; *Bailey* v. *Rinker* (1896), 146 Ind. 129, 45 N. E. 38.

The attack on this judgment was based on matters outside the record, and is therefore collateral. In order that a judgment may be attacked for lack of service of summons or notice, the defect must appear from the record. *Young* v. *Wiley, supra.*

A complaint in an action to review a judgment must contain in the body thereof enough of the pleadings in the cause sought to be reviewed, or the substance or nature or character thereof, to present the question of the alleged error without resorting to the transcript of the record thereof, filed in the complaint as an exhibit. *Jamison* v. *Lake Erie, etc., R. Co.* (1897), 149 Ind. 521, 48 N. E. 223.

Where, in a collateral attack upon the action of the circuit court in ordering property sold which had been taken under a writ of attachment, it is not alleged that the court's requirements for validity of judgment do not appear of record in the attachment proceedings, it must

be presumed that they do appear of record and judgment was authorized. *Runner* v. *Scott, Exr.* (1898), 150 Ind. 441, 50 N. E. 479.

A complaint in an action to review a judgment must allege enough of the substance or character of the court's record or action on rulings to present the error complained of without reference to the exhibit filed therewith. *Travelers' Ins. Co.* v. *Prairie School Tp.* (1898), 151 Ind. 36, 49 N. E. 1, 51 N. E. 100.

Where a court has jurisdiction of the subject-matter, it will be presumed, in the absence of any showing to the contrary, that it acquired jurisdiction of the person before rendering judgment. Where a party to a judgment seeks to impeach its validity and have it declared void, in a subsequent action, by the allegation of facts *dehors* the record, and not apparent on the face of the judgment, such an attack is a collateral one, and cannot be made by a party to the record. *Exchange Bank* v. *Ault, supra.*

Where it is sought to collaterally impeach a judgment for want of notice to the parties against whom it is rendered, it is not sufficient to allege generally the want of such notice, but the complaint must allege what the record discloses on the subject of notice, or the complaint will be bad. *Bailey* v. *Rinker, supra.*

The court has a right to rely upon the sheriff's return upon a summons, such return importing verity. *Miedreich* v. *Lauenstein, supra.*

Volume 1, Watson, Works' Practice §142, says the statute providing for an action by a wife against her husband for support authorizes her to bring suit in the county where she resides, and the court is given jurisdiction to sell the husband's land in the State of Indiana. The proceeding is against the property,

and the court in which the complaint is filed has jurisdiction throughout the state.

An abandoned wife is entitled to support out of her husband's property. She has an interest in his property to that extent. She may abandon her rights, but, if she concludes to enforce them, the statute provides she may do so in a summary manner. The statute does not contemplate that she shall recover a judgment against her husband and enforce its payment by a sale of his property, but gives her the right to proceed against his property in the first instance. The proceeding is *in rem*. As the statute is a remedial one, it should be given a liberal construction with a view to advance the remedy. *Comstock* v. *Brandon, supra; Arnold* v. *Arnold* (1895), 140 Ind. 199, 39 N. E. 862.

Appellee's complaint, on which the judgment sought to be vacated was rendered, is set out in the record and is found to comply with the requirements of the statute in actions for support (Acts 1923 pp. 190-195), and the proceedings thereunder were in accord with the administration of the laws of the state. These proceedings constituted due process of law in this case. 3 Story, Constitution 264, 661; Cooley, Constitutional Limitations 441.

We find no error in the record.

The judgment is affirmed.

Myers, J., not participating.