Cox *et al. v.* Hunter, Adm'r.

No. 8978.

## COX ET AL. *v.* HUNTER, ADM'R.

FRAUDULENT CONVEYANCE.—*Suit by Grantor's Administrator to Avoid Deed.*
—*Sufficiency of Complaint.*—Under the provisions of sections 84, 85 and 86
of the act of June 17th, 1852, providing for the settlement of decedents'
estates (sections 2333, 2334 and 2335, R. S. 1881), where the administra-
tor of a deceased grantor sues to avoid the conveyance of his decedent
and to subject to sale, for the payment of debts, the real estate conveyed,
upon the ground that the deceased, in his lifetime, had transferred the
same with intent to defraud his creditors, the record must show that the
action was instituted within five years after the death of the decedent,
and the complaint must state substantially the same facts, as the dece-
dent's creditors would have been required to allege, if they had sued to
set aside the alleged fraudulent conveyance.

SAME.—In such action, the administrator's complaint must show affirma-
tively, in order to constitute a cause of action, that the deceased grantor,
in the alleged fraudulent conveyance, had no other property for the
payment of his existing debts, not only at the time of such conveyance
but also at the time of his death and the commencement of the action.

PLEADING.—*Practice.—Defective Complaint.—Failure to Demur.—Waiver.—
Effect of Verdict.*—Where necessary facts are defectively alleged, and no
objection has been taken thereto by motion or demurrer, it may some-
times be said that the defects have been obviated by evidence and cured
by the verdict; but where the complaint entirely omits allegations of
material facts, necessary to the maintenance of the action, such allega-
tions can not be supplied by evidence, nor can their omission be cured
by the verdict, nor is the objection waived by a failure to demur.

From the Warren Circuit Court.

*J. McCabe* and *C. M. McCabe,* for appellants.

*J. M. Rabb* and *J. W. Sutton,* for appellee.

HOWK, J.—This was a suit by the appellee, as the admin-
istrator of the estate of Sylvanus Cox, deceased, against the ap-
pellants, to set aside a certain deed alleged to have been
fraudulently executed by said Sylvanus Cox, in his lifetime,
to the appellant Robert E. Cox, and to subject the real estate
therein described to sale for the payment of said decedent's
debts. The cause, having been put at issue, was tried by a jury
and a verdict was returned, in substance, as follows: "We,

the jury, find for the plaintiff as against the defendant Robert E. Cox, and that the conveyance to him in question was fraudulent as against the creditors of Sylvanus Cox, deceased, and we further find, that the defendant Corey became the purchaser of part of the real estate in question, as charged in the complaint, and there will be due from him to the defendant Robert E. Cox, on account of such purchase, on the 24th day of March, 1881, the sum of $168."

The appellants' motions for a new trial, and in arrest of judgment, having each been overruled, and their exceptions saved to each of these rulings, the court rendered judgment on the verdict for the appellee, as prayed for in his complaint.

In this court, the appellants have assigned errors as follows:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The complaint does not state facts sufficient to constitute a cause of action against them, or either of them.

3. The circuit court erred in overruling their motion in arrest of judgment.

4. The court erred in rendering judgment, collectible without relief from valuation laws.

5. The court erred in overruling their motion for a new trial.

In his complaint, the appellee alleged in substance, that, on the —— day of December, 1875, the decedent, Sylvanus Cox, was the owner of certain real estate, particularly described, in Warren county, containing one hundred acres, more or less, which was reasonably worth $3,000, and was all the property, real or personal, belonging to said decedent at that time, subject to execution; that said decedent was, at the time, indebted to various persons in the sum of $900, of which about $90 was secured by a mortgage on said real estate; and that, at said date, the said decedent, for the fraudulent purpose of cheating, hindering and delaying his creditors, except those secured by said mortgage, voluntarily conveyed said real estate to the appellant Robert E. Cox, who was the decedent's

only child, which said conveyance of said real estate was so received by the appellant Cox, without giving any consideration therefor, except his agreement to assume and pay the said mortgage debt, and with full knowledge on his part of the fraudulent purpose of his grantor, and that the conveyance of said real estate entirely stripped the decedent of all the property, subject to execution; that afterwards, to wit, on the —— day of ——, 187—, said Sylvanus Cox died intestate, leaving no personal estate whatever, that had come to appellee's knowledge, and leaving said debts, existing at the time of said fraudulent conveyance, due and unpaid, and then valid and subsisting demands against said decedent's estate; and that, on the —— day of February, 1880, the appellee was duly appointed the administrator of said decedent's estate by the proper court, and, as such, had duly qualified and entered upon the discharge of his duties.

And the appellee further alleged, that, on the —— day of ——, 1879, the appellant Robert E. Cox conveyed by deed a part of said real estate to the appellant Ezra J. Corey, who was still indebted to his co-appellant Cox, in the sum of $225, on account of the purchase-money of said real estate; wherefore, etc.

It will be observed that the first three errors assigned by the appellants call in question the sufficiency of the facts stated in appellee's complaint to constitute a cause of action, all of them, however, after the trial and verdict, and the first two of them after the rendition of judgment, on appeal and for the first time in this court.    It is manifest, from the facts alleged in the complaint, that the appellee commenced his suit under the provisions of the *third* clause of section 84 of the act of June 17th, 1852, providing for the settlement of decedents' estates.    In said section 84, it is provided that "The real estate liable to be sold for the payment of debts, when the personal estate shall be insufficient therefor, shall include—* * * * *Third.* All lands, and any interest therein, which the deceased, in his lifetime, may have transferred, with intent to defraud his creditors."    2 R. S. 1876, p. 526; section 2333, R. S. 1881.

In section 85 of the same act, it is further provided: "But the lands thus fraudulently conveyed shall not be taken from any one who may have purchased them for a valuable consideration, and without knowledge of the fraud, but such lands shall be liable to be sold only in cases in which they would have been liable to attachment and execution by a creditor of the deceased in his lifetime; and no proceeding by any executor or administrator, to sell any lands so fraudulently conveyed, shall be maintained, unless the same shall be instituted within five years after the death of the testator or intestate." Section 2334, R. S. 1881.

The first objection urged by the appellants' counsel to the sufficiency of appellee's complaint in this case is, that "it does not allege that the said Sylvanus Cox died within five years next before the filing of said complaint." It will be seen from the closing sentence of section 85, above quoted, that no such proceeding as the one now before us "shall be maintained, unless the same shall be instituted within five years after the death of the testator or intestate." The proceeding could not be maintained, unless instituted within the time limited, and therefore it was incumbent on the appellee to show by the allegations of his complaint, that the death of his intestate had occurred within five years before the institution of his suit. If his complaint contained no such showing, it would have been bad, we think, on a demurrer thereto for the want of sufficient facts. The record shows that this suit or proceeding was instituted by the appellee on the first day of March, 1880. It was alleged in the complaint that "on the —— day of December, 1875, the decedent, Sylvanus Cox, was the owner in fee simple of the following described land," etc., "and that, at said date, the said decedent for the fraudulent purpose," etc., "voluntarily conveyed said premises to the defendant Robert E. Cox," etc., "and that afterwards, to wit, on the —— day of ——, 187-, said Sylvanus Cox died intestate," etc. The blanks as to dates, in these allegations, are a just sub-

Cox *et al. v.* Hunter, Adm'r.

ject of criticism ; but an objection to a pleading, on the ground of blank dates therein, can not ordinarily be reached by a demurrer thereto for the want of sufficient facts (though it may where the suit must be commenced within a specified time), . . but only by a motion to make more specific.    *Hyatt* v. *Mattingly,* 68 Ind. 271 ; and *Shappendocia* v. *Spencer,* 73 Ind. 128..

It seems to us, however, that the complaint shows with suf-· ficient certainty, at least after verdict, that this proceeding was instituted within five years after the death of the appellee's intestate. Thus, it is directly alleged that Sylvanus Cox, in December, 1875, was the owner of the real estate in controversy, "and that, at said date, the said decedent * * * voluntarily conveyed said premises," etc.    From these allegations, it will be seen, the complaint fairly showed that " the said decedent " did not die until after "the —— day of December, 1875," because it alleged that, "at said date," he conveyed said premises, "and that afterwards, to wit, on the —— day of ——, 187–, said Sylvanus Cox died intestate." It appears,. therefore, from the complaint, that appellee's intestate did not die before December, 1875, and, if he died then, five years did not elapse until December, 1880.    The complaint states that the appellee was appointed administrator of his decedent's estate in February, 1880, and the record shows that this suit or proceeding was instituted on the first day of March, 1880, and,. of course, within five years after the death of the intestate.

It is earnestly insisted by the appellants' counsel that the facts stated in the complaint are not sufficient to show that the real estate therein described was liable to be sold for the payment of the debts of the appellee's intestate, under the provisions of sections 84 and 85, above quoted, of the act for the settlement of decedents' estates.    In section 86 of the same act it is provided as follows :    " If the executor or administrator shall be authorized to sell any lands thus fraudulently conveyed, he may, before sale, obtain possession by an action for the possession thereof, or may file a petition to avoid the fraudulent conveyance."    2 R. S. 1876, p. 527 ; section 2335, R. S. 1881..

It would seem from his prayer for relief, that the appellee filed his complaint, in this case, to avoid the alleged fraudulent conveyance by his intestate to the appellant Robert E. Cox; and the appellee's counsel, in their brief of this cause, expressly declare that the complaint was filed for no other purpose than to avoid such fraudulent conveyance. The appellee sued in this action, not, perhaps, as a creditor, but as the representative of the creditors of his intestate, and for them and in their behalf. It was necessary, therefore, that he should state such facts in his complaint, as the creditors of his intestate would have been required to allege, if they had sued to set aside the alleged fraudulent conveyance, in order to constitute a good cause of action. As between the parties thereto, the conveyance was valid and binding, and it could only be set aside or avoided by, or on behalf of, existing creditors of the grantor at the time of its execution. In *Bruker* v. *Kelsey,* 72 Ind. 51, in delivering the opinion of the court, Woods, J., said: "The same reason on which the rule is founded, which requires it to be averred that the grantor in an alleged fraudulent conveyance had not other property at the time of the conveyance, out of which the debt could be made, requires a corresponding averment in reference to the time of the commencement of the action. * * * * The proper rule of pleading is, that the complaint show affirmatively a complete right of resort to the land for satisfaction of the debt, and that can not be, unless when made the conveyance was fraudulent as against creditors, and unless the right of action, which then arose, is shown to continue to exist at the time when suit is begun. *Baugh* v. *Boles,* 35 Ind. 524." *Sherman* v. *Hogland,* 73 Ind. 472.

It will be seen from the complaint, a full summary of which we have given, that it shows with sufficient certainty, that, at the time the appellee's intestate executed the alleged fraudulent conveyance to the appellant Robert E. Cox, he had left no other property, real or personal, for the payment of his alleged existing debts. But, while this is so, it is manifest

also, that the complaint utterly fails to show that at the time of his death the appellee's intestate did not have other property, amply sufficient for the payment of all his debts; or that, at the commencement of this suit or proceeding, there was not sufficient other property, belonging to the estate of said intestate, to pay off and satisfy the claims of all his creditors. It is very clear, therefore, that the appellee's complaint was bad, if there had been a demurrer thereto for the want of sufficient facts.

It is claimed, however, by appellee's counsel, that, as the complaint was not demurred to, it must be held to be sufficient after verdict, for the reason that its omissions were probably supplied by the evidence and cured by the verdict. If the appellee had defectively alleged the necessary facts, such defective allegations might, perhaps, have been cured by the verdict. But where, as in this case, the complaint entirely omits allegations of fact, necessary and material to the maintenance of the suit, such allegations can not be supplied by evidence, nor can their omission be cured by the verdict.

Having reached the conclusion that the appellee's complaint was bad, even after verdict, for the want of sufficient facts therein, it is unnecessary for us to consider or decide any question arising under either of the other alleged errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded with leave to the appellee to amend his complaint, and for further proceedings in accordance with this opinion.