Bushnell, Administrator, *v.* Bushnell.

———◆———

No. 10,335.

## BUSHNELL, ADMINISTRATOR, *v.* BUSHNELL.

FRAUDULENT CONVEYANCE.—*Action by Administrator to Subject Land to Sale.*
—*Limitation of.*—An action by an executor or administrator to sell lands fraudulently conveyed by his testator or intestate in his lifetime must be commenced within five years after the death of the decedent.

SAME.—*Statute Construed.*—Where a decedent had in his lifetime purchased real estate with his own means, and to defraud his creditors had caused the conveyance to be made to another, it is a fraudulent transfer of lands, within the meaning of sections 2333 and 2334, R. S. 1881.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

*S. A. Huff,* for appellee.

HAMMOND, J.—The appellant, administrator of the estate of Thomas Bushnell, deceased, instituted this suit against the appellee, a son of the plaintiff's intestate, to subject real estate described in the complaint to sale for payment of decedent's debts. The complaint alleges that in 1875 the intestate purchased the real estate in controversy of Hermando A. Fuller, paid the consideration therefor, and, to defraud creditors, caused the conveyance to be made to appellee. The sufficiency of the complaint is not questioned in this court. The appellee answered in two paragraphs:

1st. The general denial.

2d. That the plaintiff's intestate died in November, 1875, and that this action was not commenced until June 4th, 1881, more than five years after said intestate's death.

A demurrer on the ground that the second paragraph of the answer did not state facts sufficient to constitute a defence was overruled, to which appellant excepted. The appellee then withdrew the first paragraph of his answer, and, the appellant declining to reply to the second paragraph, judgment, was rendered for appellee for costs. The action of the court in overruling the demurrer to the second paragraph of the answer is the only assigned error complained of in this court.

An action by an executor or administrator to sell lands fraudulently conveyed by his testator or intestate in his lifetime must be commenced within five years after the death of the decedent. Sections 84 and 85, 2 R. S. 1876, pp. 526–27; sections 2333–34, R. S. 1881; *Cox* v. *Hunter*, 79 Ind. 590. Where one purchases real estate with his own means, and, to defraud his creditors, causes the conveyance to be made to another, it is a fraudulent transfer of lands within the meaning of the statutes above cited.

The second paragraph of the appellee's answer was good, and the court below properly overruled the demurrer to it.

Judgment affirmed, with costs.