Filed June 15, 1886.

---

· No. 12,222.

COOK v. CHAMBERS, ADMINISTRATOR.

DECEDENTS' ESTATES. — *Fraudulent Conveyance.* — *Statute of Limitations.* — *Pleading.*—A complaint by an administrator to set aside a fraudulent conveyance made by his intestate, which shows on its face that at the time it was filed the latter had been dead more than five years, is bad on demurrer. Section 2334, R. S. 1881.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Niblack*, for appellant.
*W. H. De Wolf* and *S. N. Chambers*, for appellee.

MITCHELL, J.—The purpose of this action was to set aside a conveyance of lands, alleged to have been fraudulently made by Matilda A. Daniels to the appellant, Eliza M. Cook.

It appears from the complaint that Mrs. Daniels died intestate on the 3d day of February, 1877, and that, on the 19th day of the same month, Smiley N. Chambers was ap-

pointed administrator of her estate. As such administrator he commenced this suit on the 26th day of May, 1882. Thus it appears that an administrator, more than five years after the death of his intestate, commenced a proceeding to avoid an alleged fraudulent conveyance made in the lifetime of his decedent.

An administrator, for the purpose of making assets with which to pay liabilities of an estate in process of settlement, is authorized to sell any lands fraudulently conveyed by his intestate, whenever the personal property is insufficient for the payment of the debts of the estate. Before procuring the order to sell, he may maintain an action to avoid the fraudulent conveyance. *Love* v. *Mikals*, 11 Ind. 227. He can not, however, maintain a proceeding to sell lands so conveyed unless the proceeding is instituted within five years after the death of his intestate. Section 2334, R. S. 1881; *Cox* v. *Hunter*, 79 Ind. 590; *Bushnell* v. *Bushnell*, 88 Ind. 403.

As he can only have the deed avoided preliminary to the institution of a proceeding to sell, in order to make assets to pay debts, it is manifest, if the preliminary step is delayed until after the right to institute a proceeding to sell is barred by the statute, the right to maintain proceedings to avoid the deed is also barred. Why should an administrator, whose right to avoid a deed of his intestate depends solely upon the fact that the land conveyed is required to make assets to pay debts, be permitted to avoid the deed, after his right to institute proceedings to convert the land into assets has been barred?

The administrator's right is purely statutory. The statute requires that it should be exercised within five years after the death of the intestate. After five years no such right exists so far as the administrator is concerned. A complaint to avoid such conveyance must show that the right to sell continues to exist. *Bruker* v. *Kelsey*, 72 Ind. 51. What the

rights of creditors may be in this connection we need not now consider. *Bottorff* v. *Covert*, 90 Ind. 508.

Where a right which is not of common law origin is given by a statute which prescribes the time within which proceedings to enforce the right thus conferred must be commenced, a complaint to enforce such right, which shows on its face that the time limited has expired, is insufficient on demurrer. *Leard* v. *Leard*, 30 Ind. 171.

Where a statute of limitations merely bars a remedy, which . exists independent of the statute, it must as a rule be pleaded. Where, however, it cuts off a right created by the same statute, it may be made available by demurrer.

In a case like this, where the right of action is conferred by a statute, which subjects the right to a condition requiring it to be exercised within five years, it should appear by an apt averment in the complaint that the death of the intestate had occurred within a period of five years next before the institution of the proceedings. *Cox* v. *Hunter*, *supra*.

The court overruled a demurrer to the amended complaint. This complaint showed on its face that it was filed in the October term, 1877, of the Knox Circuit Court. It contained no averment that proceedings to sell the lands had been instituted within five years from the death of the intestate, which appeared to have occurred February 3d, 1877. It was, therefore, error to overrule the demurrer to the complaint.

Judgment reversed, with costs.

Filed June 18, 1886.