Filed Jan. 2, 1894.

———————◆———————

No. 17,003.

WILSON v. BOONE, ADMINISTRATOR, ET AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*—*Complaint, Necessary Allegations.*—*Decedent's Estate.*—*Husband and Wife.*—In an action by an administrator to set aside a conveyance of land, by the husband to his wife, as fraudulent, an allegation that A. had recovered a judgment against the decedent and his wife setting aside the conveyance "as being fraudulently made," does not state facts sufficient to constitute a fraudulent conveyance as against creditors. To make the complaint good, it should have alleged, among other

Wilson *v.* Boone, Administrator, *et al.*

things, that such conveyance did not leave the decedent property enough subject to execution to pay his then existing indebtedness, and that the conveyance was made with intent to defraud such creditors, that the grantee had notice of such intent, or that the conveyance was made without valuable consideration.

SAME.—*Real Estate.—Conveyance by Husband to Wife.—Decedent's Estate.—Reconveyance by Wife to Husband's Heirs.—When not Subject to Demands of Decedent's Creditors.*—In such case, the complaint failing to show that the conveyance by the decedent to his wife was invalid for any reason, the land in her hands was as free from the demands of the creditors of the decedent as if he had never owned it; and a conveyance by her to the heirs of her husband would still leave the land as free from the demands of such creditors as if she had conveyed it to a stranger to the decedent.

From the Hamilton Circuit Court.

*W. Booth,* for appellant.

*G. Shirts* and *I. A. Kilbourne,* for appellees.

McCABE, J.—A demurrer was overruled to the complaint of the appellee Boone, as administrator of David Wilson, deceased, against appellant, who was the widow, and the heirs of the decedent, to subject certain lands to sale to make assets to pay debts of the estate. Issue, trial by the court, special finding and conclusions of law, upon which judgment was rendered in favor of the administrator.

The assignment of errors questions the ruling on the demurrer and the conclusions of law.

The complaint reads as follows:

"The petitioner, James W. Boone, would respectfully show to the court that he is the duly appointed and acting administrator of the estate of David Wilson, who departed this life at said county intestate; that during his lifetime the said David Wilson was the owner in fee simple of certain lands in the county, which are described. And your petitioner further shows that during his lifetime, to wit, on the 19th day of January, 1889, the said David Wilson and his wife, the defendant Phebe

Wilson, executed a mortgage upon the whole of the aforesaid real estate to T. C. Day & Co., securing the payment of $2,000 for money loaned to said Wilson, which said mortgage and the interest thereon are wholly unpaid. After the execution of said mortgage, to wit, on the 19th day of January, 1889, said David Wilson, by warranty deed, conveyed said one hundred and twenty acres of real estate to his wife, the said Phebe Wilson, and afterwards, to wit: On the 16th day of February, 1889, the said David and his said wife, Phebe, joined in a deed for said thirty acre tract of land to the said Ella Gatewood. In order to induce the said Phebe to sign the deed for said thirty acres of land to the said Ella Gatewood, the said David Wilson then sold her, the said Phebe, all of the personal property owned by the said David Wilson. Afterwards, one Thomas Bennett brought suit in this court to set aside the conveyance so made by the said David Wilson to the said Phebe, and such proceedings were had in said cause that in this court said plaintiff recovered judgment setting aside the said conveyance as having been fraudulently made, and from that judgment an appeal was taken to the Supreme Court of Indiana. Pending said appeal, the said David Wilson died intestate as aforesaid, leaving as his only heirs the defendants in this action, to wit, his widow, the said Phebe, and then follows the names of the other heirs, the appellees.

"After the death of said David Wilson, and pending the appeal of said cause to the said Supreme Court, the said Phebe Wilson, Tillie Cook, Ella Gatewood, and Samuel Nickleson, the father of the Nickleson children, entered into a written agreement wherein the said parties agreed to pay to the said Phebe Wilson, as widow of said David Wilson, the sum of six hundred dollars in cash, or in good sale notes taken by the administrator at the

sale of personal property, which said administrator was
then authorized to do; and they, said heirs, further
agreed to pay the debts which had been contracted by
said widow, or liabilities in any way growing out of her
possession and management of the real estate above
herein described and the expenses of said Bennett suit,
and further agreed that certain provisions and canned
fruit on hand should be turned over to the said widow,
to wit, four hams, two sides, eight gallons of lard, and
all canned fruit. And upon the entire fulfillment of said
stipulations, the said widow agreed to convey said lands,
to wit, the said farm formerly owned by said decedent, to
said heirs, and renounce all her claim thereto, but that
on failure to comply with the same the said widow had
the right to retake possession of said farm; but upon full
compliance therewith said widow agreed to accept the
same in full of all her rights in said lands, and also as
widow of said decedent. Pursuant to said agreement
the plaintiff was, by the consent of said parties, ap-
pointed as administrator, and proceeded to sell said
property, much of which consisted, as aforesaid, of that
part thereof claimed to have been sold and transferred
by the said David Wilson to his said wife for the con-
sideration aforesaid, and took notes therefor, and out of
the same paid to said widow a portion of the sum of
money which had been agreed should be paid to her,
and with the consent of said parties and the court, rented
said real estate for a period of three years, including said
thirty-acre tract; but thereafter the said Ella Gatewood
brought suit to enjoin the occupation of said thirty acres
on the ground that the same was her separate property,
in which suit she recovered judgment that she was the
owner thereof, and that said administrator should be en-
joined from occupying or renting the same. Pursuant

to said agreement, there went into the hands of the administrator personal property of the value of $565.15, and, since the judgment aforesaid, he has retained and been renting said ninety acres of land, and has received for such rents for the year 1891, $176.60; for the year 1892, $111.75, and there is due on said rents the further sum of $184. There is thus a large deficit in the assets of said estate to pay the debts and liens upon said land. Your petitioner further shows that upon the appeal of said Bennett case to the Supreme Court the said cause was, by said court, reversed, and the said cause has since been abandoned by said plaintiff. Said real estate is of the probable value of $40 per acre. Wherefore, your petitioner prays that the court will order sale of the said real estate at private sale upon such terms as to the court may seem proper and equitable, and that the court will order that the proceeds of such sale will be applied first, to the payment of said mortgage to T. C. Day & Co.; second, to the debts provided for in said agreement so made by said Phebe Wilson and the heirs of said estate, and lastly, to the proper and general debts and expenses of administration, and all other proper relief. And that the court fix the amount which said Phebe Wilson is entitled to receive under said contract, and decree payment of the same by the administrator, and that on payment or tender thereof that said Phebe Wilson be ordered to convey said real estate to said heirs in accordance with said agreement, subject to sale by the administrator under this petition to pay the debts of said estate.''

We are unable to perceive any theory upon which this complaint or petition can be sustained. We are without the aid of any brief or argument on behalf of the appellee in support of the judgment of the circuit court. If the petition or complaint is to be regarded as proceeding upon the theory that the decedent conveyed the land to

his wife to defraud his creditors, then, to make it good, it should have alleged, among other things, that such conveyance did not leave him property enough subject to execution to pay his then existing debts, and that the conveyance was made with intent to defraud such creditors, and that the grantee had notice of such intent, or that the conveyance was without any valuable consideration. *Cox* v. *Hunter, Admr.*, 79 Ind. 590; *Cook* v. *Chambers, Admr.,* 107 Ind. 67; *Bottorff* v. *Covert*, 90 Ind. 508.

The allegation that Bennett had recovered a judgment against Daniel Wilson and the appellant, setting aside the conveyance to appellant "as being fraudulently made," does not state facts enough to constitute a fraudulent conveyance as against creditors, as required by the rule already stated. And if it did, the complaint shows that that judgment had been reversed by this court and the cause since abandoned by Bennett. If the theory of the complaint is that of a suit for specific performance of a contract made by Phebe Wilson with the other heirs of her deceased husband, for the benefit of the creditors of her husband's estate, it must fail, because she did not bind herself in that contract to do anything that can benefit the creditors. She did not agree therein to pay any of them, and her agreement to convey the land to his other heirs could not benefit such creditors.

The most probable theory upon which the complaint was intended to proceed, is that if the contract between the appellant and the other heirs of the decedent, by which the land was to be conveyed by her to them, was carried out and performed, it would make the land subject to sale to pay the debts of the intestate, precisely the same as if he had died seized of the land, and it had, by operation of law, descended to his heirs. But such is not the law.

If the conveyance from the decedent, David Wilson, in his lifetime, to his wife, Phebe Wilson, was valid, and was not fraudulent as against his creditors, then the land so conveyed was freed absolutely from the demands of the creditors of the decedent, except those holding liens, and as to them was freed from all demands except the lien.

As before observed, there is a total failure to state facts sufficient to make the conveyance a fraudulent one as against creditors. And though a deed directly from husband to wife is void at law, it is not so in equity, and creditors can only successfully attack such a conveyance when the rights of such creditors are injuriously affected thereby. *Brookbank* v. *Kennard*, 41 Ind. 339; *Sherman* v. *Hogland*, 54 Ind. 578; *Eagan* v. *Downing*, 55 Ind. 65.

The complaint failing to show that the conveyance to the wife, Phebe, was invalid for any reason, the land in her hands was as free from the demands of the creditors of the decedent as if he had never owned it, and a conveyance by her to the other heirs of her husband would still have left the land as free from the demands of such creditors as if she had conveyed it to a stranger to the decedent.

If we knew just what theory the complaint was intended to proceed upon, we might be able to point out other objections to it.

For the reasons above stated, we think the court erred in overruling the demurrer to the complaint.

The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

Filed Jan. 6, 1894.