WATKINS, AUDITOR, *v.* STATE, EX REL. VAN AUKEN.

[No. 18,192. Filed Jan. 26, 1898. Rehearing denied July 1, 1898.]

DRAINS.—*Repairs.—When in More Than One County.*—Where a public ditch is constructed in more than one county, it is the duty of the surveyor of the county in which the proceedings for the construction thereof were begun to make repairs thereof, and certify the cost of such repairs and the assessments against the lands of any county to the auditor of such county for collection. *pp. 124-128.*

DRAINS.—*Repairs.*—*Assessment Notices.*—The cost of making copies of notices of assessments against lands for the repair of a public drain is a proper charge against the repairs thereof and is not necessarily a part of the official service of the surveyor.  *p. 128.*

SAME.—*Repairs.*—*Assignment of Claim to Surveyor.*—A claim for services in copying notices of assessments against lands for the repair of a public drain may be assigned to the surveyor who superintends such repairs.  *pp. 128, 129.*

MANDAMUS.—*Claim for Repair of Public Drain.*—*County Auditor.*— An action in mandamus will not lie against a county auditor to compel him to issue a warrant in payment of a claim in the hands of the county surveyor for the expense of copying notices of assessments for the repair of a public drain, where such auditor had no notice of the assignment of such claim to the surveyor by the owner thereof.  *p. 129.*

From the Steuben Circuit Court.  *Reversed.*

*D. R. Best, Emmet A. Bratton, Charles A. Yotter* and *Woodhull & Gilbert,* for appellant.

*Calvin E. Van Auken, in proprio jure.*

HACKNEY, J.—Upon the appellee's petition, the lower court directed the issuance of a writ of mandamus against the appellant, as auditor of Steuben county, requiring him to issue a warrant in favor of the relator for $18.50, part of the costs of repairing a public drain extending into the counties of Steuben and DeKalb.  The sufficiency of the petition, upon demurrer and independent assignment of errors, presents the question for decision by this court.

It was alleged that in the year 1889 proceedings were instituted before the board of commissioners of DeKalb county for the location and construction of a public drain extending from a point within said county to a point within Steuben county; that such proceedings were had, by the joint action of the boards of said two counties, as caused the location and construction of the drain so sought; that during the summer of the year 1895 said drain, so constructed, became obstructed and in need of repairs,

when the relator, then being the qualified and acting surveyor of DeKalb county, as such surveyor, caused said drain to be cleaned out, repaired and restored, according to the original specifications, at a cost of $312.15; that the benefits occasioned by such repairs were duly assessed by him, and the sum of $221.25 thereof fell upon lands in said Steuben county; that DeKalb county had paid its proportion of the benefits, but that Steuben county had paid no part of that assessed against its lands. It is alleged, also. that in preparing the notices of the assessments made by him, he employed one Jay J. Van Auken, who rendered services therein of the value of $18.50; "that Jay J. Van Auken assigned his said claim and demand to the relator; that plaintiff's relator filed with the defendant, as such auditor, a statement of such fees due said Jay J. Van Auken, and that the same was due said Jay J. Van Auken from said Steuben county, * * * and demanded that he issue his warrant on the treasurer of said county in his favor, for the amount of said account," and that said auditor refused so to issue said warrant.

Against the sufficiency of the petition, it is first urged that the surveyor of one county has no authority to cause repairs to be made upon a drain in two counties, but that such power rests with the "public officers of the counties interested," jointly, under section 5679, Burns' R. S. 1894 (4310, R. S. 1881). That section was numbered twenty-six in the act of 1881 (Acts 1881, p.410), an act providing for the construction and repair of public drains in one or more counties by proceedings before the boards of county commissioners. The twenty-third section of said act (section 4307, R. S. 1881), provided for repairs of drains in one or more townships of a county by the trustee or trustees of such township or townships, and provided a

system of assessments for the reimbursement of the township fund from which the repairs were paid for. Said section twenty-six then provided, as to joint county drains, that "such joint ditch shall be cleaned and repaired, or enlarged, in like manner as for ditches in but one county, by the joint action of the public officers of the counties interested." By the decision of this court in *Campbell* v. *Dwiggins*, 83 Ind. 473, the said twenty-third section of said act was held to be unconstitutional and it no longer forms a part of the drainage laws. If said section twenty-six had any effect as to the method of repairing and paying for repairs, it received it from said twenty-third section and lost it when the latter section failed. Nothing remained of section twenty-six but the provision that repairs should be "by the joint action of the public officers of the counties interested," without defining the officers, without providing the procedure, without establishing a method for accomplishing the repairs, or paying for the same. It is evident, we think, that with section twenty-three stricken out, section twenty-six could not stand. But in view of the failure of method and procedure provided by section twenty-three, the legislature in the year 1885, enacted new and additional provisions for the repair of drains, section 5631, Burns' R. S. 1894. It was therein provided that after the construction of any drain "the county surveyor of the county in which the proceedings were had for the construction thereof, shall keep the same in repair to the full dimensions, as to width and depth as required in the original specifications, and certify the cost thereof, including his own *per diem*, to the county auditor, who shall draw his warrant on the treasurer, payable to the persons to whom the money is owing, which warrants shall, for the time being, be paid out of the county revenue, but the treasury shall be reimbursed

as hereinafter provided." It is then provided that the cost shall be apportioned and assessed by the surveyor in a manner directed; that he shall keep a record of such assessments, and shall give notice thereof. An appeal from assessments is then provided for, and the section continues as follows: "When such appeal is disposed of, the clerk of said court, or if no appeal is taken, as above provided for, the county surveyor shall make out a certified copy of the assessment, as confirmed by the court in one case, and as made in the other, and file the same with the auditor of the county in which said proceedings are had, or if the land assessed is in more than one county, then with the auditor of each county. The auditor of each county shall place so much of such assessments as are against land in his county upon the next succeeding tax duplicate, and such assessments shall be a lien from the time of posting the original notice of such assessments, and shall thereafter be collected as other state and county taxes are collected. * * * The provisions of this section shall also apply to all works constructed for the purpose of drainage, under any law now or heretofore in force in this state."

Transposing such of these provisions as relate directly to the question in hand, it is clearly provided that under whatever law a drain is constructed, it is the duty of the surveyor of the county in which the proceedings are had to make the repairs; and, if the ditch is in more than one county, he must certify the cost of repairs, and the assessments against the lands of any county to the auditor of such county for collection. There is no provision for the joint action of surveyors, and the only confusion that could arise upon this statute is upon the provision that the duty as to repairs rests upon the "surveyor of the county

in which the proceedings were had for the construction" of the drain.

This provision was certainly intended to apply to drains in one county, or in several counties, and was employed in connection with duties cast upon a single officer, whether such duties had reference to a drain in one county or in two counties. It is evident, therefore, to give the several provisions consistency, and omit none of them, that the legislature intended to designate as the officer to perform the duty the surveyor of the county in which the proceedings for the original construction were begun. We are not in doubt that the surveyor of DeKalb county was charged with the duty of repairing the ditch in question, and that Steuben county is chargeable with its proper proportion of the cost of the repairs. With reference to repairs in a single county, the rule is perhaps changed by the act of 1889, Acts 1889, p. 53; section 5632, Burns' R. S. 1894.

It is further insisted that the petition was bad in not alleging notice to the auditor that the relator was the assignee of the original claimant; that the surveyor had no power to employ the service for which the claim was presented, but that it was a service owing by him to the undertaking, and to be paid for in his *per diem*, and that the surveyor, as a public official, could not, under the rules of public policy, become the assignee of a claim upon the amount of which he was required to pass judgment.

The cost of making copies of the assessment notices was a proper charge, and whether a printer, a typewriter, or longhand writer, performed the service, its value was a charge against the repairs, and was not necessarily a part of the official service of the surveyor. Nor do we think that a valid assignment to the surveyor of a *bona fide* claim, allowed and certified to

the auditor, is objectionable. Such a claim, so as signed, could certainly afford no opportunity to influence the action of the officer in favor of the assignor, or against his official duties. If not a valid claim, if not allowed, or if its amount at the time of the assignment remained uncertain, and subject to his official action, or if there were indications of collusion to procure an allowance beyond the value of the service, a different question would arise.

As to the notice to the auditor of the assignment of the claim to the relator, a more serious question arises against the petition. Demand for the performance of an act is a prerequisite to the petition for a writ of the nature of that here sought. *Lake Erie, etc., R. W. Co.* v. *State, ex rel.*, 139 Ind. 158. The writ being of an extraordinary character, issuable only where equity requires it, and where the end sought can only be attained by it, every reason seems to require that the party against whom it is asked should be shown to be in the wrong in refusing to perform the act without the writ. In this case the auditor is not shown to have improperly refused to issue a warrant to the relator, for a sum appearing from the relator's certificate to be owing to another, and, until it is shown that he had knowledge of the assignment, he could not be presumed to act improperly in refusing to issue the warrant to an assignee. For this reason the petition was bad, and the judgment is reversed.

### On Petition for Rehearing.

Hackney, C. J.—The petition for a rehearing is directed only to the question of the power of the surveyor to make the repairs in question. If we understand counsel, they maintain that the act of 1885, section 5631, Burns' R. S. 1894, does not apply to the

drain here in question, because of the proviso in section thirteen, section 5646, Burns' R. S. 1894, that said act shall not be held to repeal or affect in any manner the act of April 21, 1881, the act under which this drainage was accomplished. Section ten, of the act for drainage proceedings in the circuit court, section 4282, R. S. 1881, and section twenty-three of the act for drainage proceedings in the commissioners' court were in the same language. They provided for the cleaning and repairing of drains by the township trustee, the payment therefor from the township fund, and the reimbursement of that fund by assessments. This court, in *Campbell* v. *Dwiggins*, 83 Ind. 473, in 1882, held said two sections unconstitutional as to the proceedings to reimburse the township fund. In 1885 the General Assembly enacted the act of April 6 (Acts 1885, p. 129), its general features applying to proceedings for drainage in the circuit courts. In section ten of that act, section 5631, Burns' R. S. 1894, it was provided that when a drain was completed the county surveyor should keep it in repair. Its language clearly made it applicable to drains constructed in two or more counties, and provided for the apportionments and collection of the cost between the lands of the several counties. It then provided, in language free from ambiguity or doubt, that "the provisions of this section shall also apply to all works constructed for the purpose of drainage under any law now or heretofore in force in this state." There then existed no substitute for the provisions of the acts of 1881 so held to violate the constitution.

The intention of the General Assembly to create a new method of repairing and collecting the cost seems manifest unless the proviso referred to should be held to limit the act for drainage secured by proceedings in the circuit court. The necessity for such legislation,

and the comprehensive language of said provision, applying to all drainage under all laws, strongly support the intention to cover the provisions of section twenty-three, *supra*, of the act of 1881, and cure the defect therein.

The proviso, in our opinion, does not defeat this intention. It speaks with reference to the act of April 21, 1881, as a whole, and expresses the purpose to keep said act alive and in force. It is not to be implied that the new provision as to repairs, in the absence of the proviso, would repeal the act of April 21, 1881. Construing the two acts of 1881 with that of 1885, it seems clear to our minds that it was intended by the latter act to provide for the cleaning of drains in two or more counties by the surveyor of the county in which the proceedings were instituted, whether by proceedings in the circuit court or in the commissioner's court.

In the original opinion we employed language implying our conclusion that section 4310, R. S. 1881 failed by the holding that section 4307, *supra*, was not constitutional. From the holding in *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393, that only the provisions of section 4307, *supra*, as to assessing lands for the reimbursement of the township fund, were unconstitutional, section 4310, *supra*, would probably not be defeated. But, as intimated in the original opinion, section 4310 was of doubtful force from its failure to designate the officers and the procedure for repairing joint drains. However, we are clearly of the opinion that the act of 1885, *supra*, provided a complete method, and applied when the repairs here in question were made. The petition is overruled.