## FLETCHER v. WHITE, AUDITOR, ET AL.

[No. 18,595.   Filed November 1, 1898.]

151 401
154 240

DRAINS.—*Repairs.*—*Allotments.*—*Jurisdiction of Trustee.*—The trustee of the township where the allotment for the repair of a public drain is located has jurisdiction of such repairs, although the lands assessed for such repairs are in another township.   *p. 402.*

SAME.—*Repairs.*—*Made by Wrong Trustee.*—*Injunction.*—Where the trustee of the township on which lands assessed for the repair of an allotment of a public drain located in another township, under a misapprehension of his duty, repaired such allotment, an action will not lie to enjoin the collection of the expense of such repairs, where the landowner was given notice to make the repairs.   *pp. 402-404.*

From the Montgomery Circuit Court. *Affirmed.*

*George W. Paul, H. D. Van Cleave* and *Will B. Paul,* for appellant.

*Benjamin Crane* and *Albert B. Anderson,* for appellees.

HOWARD, J.—The appellant is the owner of certain lands in Madison township, Montgomery county, through which a public ditch runs. The ditch is six or seven miles in length, and extends also into Union

VOL. 151—26

township, said county.   In making the allotments, under the statute, for the repair of said ditch, (Acts 1889, p. 53; section 5633, Burns' R. S. 1894), the county surveyor allotted to appellant a certain part of the ditch in Union township.

Whether the trustee of the township in which the land is situated, or the trustee of the township in which the allotment is located, is the proper official to give notice to repair, and, in case of failure of the owner to do the work, to make the repairs himself and certify the cost to the county auditor, to be placed upon the tax duplicate for collection, is somewhat uncertain, on a first reading of the various sections of the act for repairing public drains, cited above. The statute is, in this respect, not very definite.  We are, however, satisfied, on examination of the various provisions of the law, that the proper officer to cause repairs to be made is the trustee of the township in which the allotment is located.   The statute cited requires that the surveyor, "whenever practicable," should locate each allotment upon the tract of land assessed for its repair.   This matter is thus left to the sound judgment and discretion of the surveyor, and in the present case the surveyor, for reasons not apparent from the record, did not locate appellant's allotment upon his land, nor even in his township.   Undoubtedly, however, the trustee of the township where the allotment is located has jurisdiction of the repairs.

In the case at bar, therefore, the trustee of Union township, in which township appellant's allotment was located, and not the trustee of Madison township, where appellant's land is situated, should have given appellant notice to repair, and on appellant's failure to do the work, should have proceeded to make the repairs and to cause the expense to be

placed on the tax duplicate for collection. The trustee of Madison township, however, conceiving it to be his duty, gave the notice to repair, and, on appellant's failure to do the work, went ahead himself and repaired appellant's allotment and certified the expense to the county auditor for collection on the tax duplicate. Appellant then brought this action against the appellees, who are the auditor and treasurer of the county and the trustee of Madison township, to enjoin the collection of the said expense of repairing his allotment as placed upon the tax duplicate.

While there is no doubt, as we have already intimated, that the trustee was mistaken as to his duty, and that the work done by him should have been done by the trustee of Union township, yet we do not think that appellant has shown any equities in his favor that should entitle him to an injunction against the collection of the cost of repairing that part of the ditch allotted to him by the county surveyor. He has stood by and received the benefit of the work done by the trustee, though done by that official under a misapprehension of duty; and we do not think he can now come in, and, because of the officer's mistake, cause the people of Madison township to pay for the repair of his ditch. He received notice to do the work, and then permitted the trustee to do it without taking any action. His suit for injunction came too late. He should have brought the suit when the trustee first gave notice and threatened to do the work, and not have waited until his ditch had been repaired and then sought to be relieved of the cost after receiving the benefit of the work.

It has frequently been held by this court that a person cannot stand by and receive the benefit of a

work, and afterwards appeal to a court of equity to be relieved from paying for it. He is estopped by his own conduct. See *Board, etc.*, v. *Plotner*, 149 Ind. 116, and numerous authorities there cited. Judgment affirmed.