Bondurant *v.* Armey.

---

## BONDURANT ET AL. *v.* ARMEY ET AL.

[No. 18,828. Filed March 7, 1899.]

DRAINS.—*Construction in Two or More Counties.—Jurisdiction of County Commissioners.*—Where a petition was filed in Kosciusko county for the construction of a ditch having its source in Kosciusko county and its terminus in Marshall county, and for an arm of such ditch having its source in St. Joseph county, the petition in so far as it relates to the construction of the arm was properly dismissed for want of jurisdiction, under section 24 of the act of April 21, 1881. *pp. 246, 247.*

SAME.—*Construction in Two or More Counties.—Joint Session of County Commissioners.*—Where a petition filed for the construction of a ditch extending into two counties, and for an arm of such ditch extending into a third county, was dismissed in so far as it related to the construction of the arm, it was not necessary in a joint session of the county commissioners that the third county be represented. *pp. 247, 248.*

SAME.—*Failure of Viewers to Report.*—Where viewers were appointed and ordered to report on a proposed drain at the March term of court, but, with the knowledge and acquiescence of the petitioners, did not report until the September term, an extension of time for good cause shown having been granted both at the March and the June terms, does not amount to an abandonment of the petition. *p. 248.*

From the Elkhart Circuit Court.   *Affirmed.*

*Charles P. Drummond,* for appellants.

*S. J. North, J. H. Brubaker, J. M. Van Fleet* and *V. W. Van Fleet,* for appellees.

HADLEY, J.—This proceeding was begun before the county commissioners for the construction of a public ditch, under the act of 1881, in the counties of Kosciusko, St. Joseph and Marshall. The petition was filed by appellees November 22, 1894, in the office of the auditor of Kosciusko county, the county containing the head and source of the proposed ditch, as required by section 5677 Burns 1894, section 4308 Horner 1897. The petition prayed for the construction of a main ditch, having its source in Kosciusko county and terminus in Marshall county, and for an arm having its source in St. Joseph county and terminus in the main ditch in Marshall county.

Such proceedings were had thereon that, on the 4th day of December, 1894, three viewers were appointed to meet three viewers each from St. Joseph and Marshall counties, on the 12th day of December, 1894, to commence the view, and were ordered to file their report in each county at least four weeks before the regular March term of commissioners' court 1895. At the March term, 1895, the viewers appeared, and represented to the commissioners, that on account of deep snows, inclement weather, and other causes, they had been unable to complete the view, and requested further time to make their report. Time was granted until the June term following, and a transcript of the request and order sent to Marshall and St. Joseph counties. At the June term following, of the board of commissioners of Kosciusko county, the petitioners dismissed their petition, so far as it related to the construction of the arm having its source in St. Joseph county. And at the same term, the viewers again reported their inability to complete the view, and make their report at that term, and thereupon the commissioners granted

them till the September term to make their report.    A transcript of the order of continuance was sent to the commissioners of Marshall county.

September 3, 1895, the viewers filed their report, pending which appellants filed their remonstrance and the commissioners of Kosciusko county set the remonstrance for hearing September 11, 1895, and requested the board of commissioners of Marshall county to meet and set, conjointly with them, in the hearing of said remonstrance.    September 11th the board of commissioners of each of the counties of Kosciusko and Marshall met, and, while sitting jointly in said cause in Kosciusko county, appellants moved the dismissal of the petition, and an abatement of said ditch proceedings, which motion was sustained by said joint session, and said petition was dismissed.    From the judgment, dismissing their petition, appellees appealed to the Kosciusko Circuit Court, and filed their appeal bond, approved as required by law.    The cause was sent by the Kosciusko Circuit Court, on change of venue to the Elkhart Circuit Court.    In the Elkhart Circuit Court, appellants renewed their motion to dismiss the petition for want of jurisdiction, which motion was overruled, and final judgment thereon, that said cause be remanded to the board of commissioners of Kosciusko county, with instructions to set aside the order dismissing said petition and for further proceedings.

The action of the Elkhart Circuit Court, in overruling appellants' motion to dismiss appellees' petition, is the only question properly presented for decision.    Appellants' chief contention is that the dismissal of appellees' petition by the commissioners of Kosciusko county, at their June term 1895, so far as the same related to the construction of the arm having its source in St. Joseph county, carried with it the integrity of the whole petition for a ditch; that the proposed main ditch, and its St. Joseph arm, constituted a single ditch, and an abandonment of the arm, in legal effect, was an abandonment of the whole proceeding.    We cannot agree with

appellants in this contention.  The main ditch described as having its source in Kosciusko county, and mouth or terminus in Marshall county, would carry a volume of water, distinct and independent of the ditch proposed to have its source in St. Joseph county.  Because the latter is described as an arm of the former, does not deprive it of its character as a ditch, and because it empties its waters into the channel of the former, can make no difference.  The Ohio is a tributary of the Mississippi but none the less a river, and the Mississippi is a river independent of its tributary.  Likewise, a ditch may be an arm, but none the less a ditch, and if the jurisdiction over the entire ditch shall be in the county of its source, and we have in one petition a prayer for two ditches, each with a separate and independent source in different counties, which court shall have the jurisdiction?  It is clear that the legislature never intended any such question to arise.

The original petition, as filed, was subject to legal objection for the very reason that it proposed the construction of two ditches with separate and independent sources, in different counties, and presenting the absurd proposition of giving to the commissioners of Kosciusko county jurisdiction over the drainage of lands in St. Joseph and Marshall counties, by a ditch that in no sense aided, or affected in any way, the drainage of lands in the former county.  If to effect the drainage of lands in St. Joseph county, it was necessary to construct a channel into Marshall county, that could be of no possible concern to the commissioners of Kosciusko county, and was a subject over which they had no jurisdiction.  It follows, therefore, that the dismissal by the commissioners of Kosciusko county of that part of appellees' petition that related to the construction of the arm in St. Joseph and Marshall counties, injured no one, and was only a formal renunciation of a jurisdiction they never had, and in no way impaired the validity of the petition for the construction of the main ditch.

It is next insisted that after the consideration of the peti-

tion and appointment of viewers, there was no joint action by the commissioners of Kosciusko, St. Joseph, and Marshall counties, and hence no legal action. The record shows that after the report of the viewers had been filed in September, 1895, the commissioners of Kosciusko and Marshall county met, and the joint session entertained and sustained appellants' motion to dismiss appellees' petition. It was entirely immaterial that the commissioners of St. Joseph county failed to join. In fact, it would have been improper to have permitted them to take part in such joint session.

Finally, it is urged that the motion to dismiss the petition should have been sustained for the reason that the viewers failed to make their report four weeks before the March term, 1895, as ordered by the commissioners, and failed thereafter to make it until the September term, 1895, and that such failure, with the knowledge and acquiescence of the petitioners, was in law an abandonment of their petition. There is no merit in this contention. The record shows that the viewers at each, the March and June terms, petitioned the commissioners for an extension of time for good cause shown, and if they had found it impossible to complete their work, for the reasons stated, rather than being in default, they did exactly what the law required them to do. *Bohr* v. *Neuenschwander*, 120 Ind. 449. And it has been frequently held that a litigant shall not be prejudiced by the failure of others to do their duty. *Denton* v. *Thompson*, 136 Ind. 446-451, and cases cited.

The circuit court committed no error in overruling appellants' motion to dismiss appellees' petition, and remanding the cause to the commissioners of Kosciusko county, with instructions to set aside their order dismissing said petition and for further proceedings. We find no error in the record.

Judgment affirmed.

Baker, J., was absent.