Sarber v. Rankin.

## SARBER v. RANKIN, TREASURER, ET AL.

[No. 18,727. Filed February 21, 1900.]

DRAINS.—*Statutes.*—*Amendment.*—Where a drainage petition was filed prior to the date of the amendment of §4286 R. S. 1881, but no action was taken thereon until after the amendatory act took effect, the proceeding was properly had under the amendatory act. *p. 238.*

SAME.—*Viewers.*—*Extension of Time in which to Make Report.*—A drainage proceeding is not rendered void by reason of the fact that the viewers asked and obtained two extensions of time in which to make and file their report. *p. 239.*

SAME.—*Irregularities in Acceptance.*—An assessment for a drain will not be enjoined on account of mere irregularities in the acceptance of the work, where it does not appear that plaintiff did not receive all of the benefits he would have received if the work had been accepted in the manner claimed by him to be proper. *p. 240.*

SAME.—*Assessments.*—*Notice.*—*Injunction.*—*Complaint.*—An allegation in a complaint to enjoin a drainage assessment that plaintiff had no notice of the time set for the hearing of the petition and report of viewers is insufficient in the absence of an averment that the constructive notice provided by statute was not given, since a personal notice is not required. *p. 240.*

SAME.—*Assessments.*—*Collection.*—*Injunction.*—The fact that a drain was not completed according to the terms of the contract is not sufficient ground for enjoining the collection of an assessment, since the property owner had a legal remedy. *p. 241.*

SAME.—*Joint Drains.*—*Manner of Procedure.*—*Injunction.*—The collection of an assessment for a drain constructed jointly by two counties will not be enjoined because the boards of commissioners of the two counties did not sit together and form themselves into one tribunal in acting on the petition, since if the boards adopted the wrong construction of the statute, it would amount to an erroneous exercise of power, not a usurpation. *pp. 241, 242.*

From the Fulton Circuit Court. *Affirmed.*

*Charles P. Drummond* and *Charles Kellison*, for appellant.

*W. B. Hess*, *J. H. Brubaker*, *T. R. Marshall*, *W. F. McNagny* and *P. H. Clugston*, for appellees.

BAKER, J.—Suit by appellant against William Rankin,

treasurer of Marshall county, to enjoin the collection of a drainage assessment and to have the lien declared void. Appellees Pollard, Goff and Foohey, owners of the lien, on their application, were made parties defendant. Separate demurrers to each of the eight specifications of the complaint were sustained, except to the fourth. Answer in general denial and two affirmative paragraphs. Demurrer to second overruled, sustained to the third. Reply in general denial. Trial and finding for the defendants. Motion for a new trial overruled. Judgment for defendants. Exceptions by each party to each adverse ruling.

The errors assigned are:  Sustaining the demurrers to each of the seven specifications of the complaint; overruling the demurrer to the second paragraph of answer to the fourth specification; overruling the motion for a new trial.

The ditch in question has its source in Kosciusko and its outlet in Marshall county. The complaint, after averring the filing of the petition in Kosciusko county and the appointment of viewers, the filing of the transcript before the commissioners of Marshall county and the appointment of viewers, the application of the joint viewers for extensions of time for filing report and the granting of the extensions, the filing of the report of the viewers, the hearing of the petition and report before the commissioners, the setting aside of the report and notice given, the making of an amended report by the viewers showing the assessment of plaintiff's land and the impracticability of allotting portions of the work to the several persons assessed, the hearing of the petition and the finding that the drain was of public utility and that notice had been given, the making of the final report, the notices of and the letting of the contract for construction to Pollard, Goff and Foohey, the assessment of plaintiff's land in Marshall county, the examination and acceptance of the drain by the surveyor of Kosciusko county, the issuance of certificates by the surveyor of Kosciusko county that the work had been completed and that the

assessments were due and if not paid were to be collected as other taxes are collected, the delivery of the certificate to Pollard, Goff and Foohey, the refusal of plaintiff to pay the certificates, the issuance of duplicate certificates by the surveyor of Kosciusko county and the filing thereof with the auditor of Marshall county to be extended on the tax duplicate, the placing of the tax duplicate in the hands of Rankin, treasurer of Marshall county, who is threatening and intending to enforce collection,—and alleging that the sums so extended purport to be a lien and constitute a cloud upon plaintiff's title,—proceeds in eight specifications to state the reasons why the plaintiff should not be compelled to pay the assessments, and why they should be declared null and void.

Each specification, in connection with the general allegations preceding and following it, must be complete in itself as a separate paragraph of complaint. No specification can derive aid from another. *Mustard* v. *Hoppess*, 69 Ind. 324; *Hilton* v. *Mason*, 92 Ind. 157; *Scott* v. *Hansheer*, 94 Ind. 1; *Hill* v. *Probst*, 120 Ind. 528; *Jones* v. *Cullen*, 142 Ind. 335; *Raymond* v. *Wathen*, 142 Ind. 367.

The first and seventh specifications in substance allege that the proceedings are void for the reason that no allotments were made to plaintiff, but the contract for constructing plaintiff's portion of the drain was let to Pollard, Goff and Foohey, without giving plaintiff an opportunity to do the work. Appellant contends that the proceeding was governed by §4286 R. S. 1881, as the petition had been filed prior to the date of the amendment of the statute. Acts 1893, p. 329, §5656 Burns 1894, §4286 Horner 1897. The petition was filed in the commissioners' court of Kosciusko county on February 23, 1893. The amendatory act took effect March 4, 1893, before any action had been taken on the petition. After it took effect, this cause was governed by the provisions of the amendatory act. *Steele* v. *Empsom*, 142 Ind. 397. These specifications, taken in connection with the preceding allegation that the viewers reported that it was

impracticable to make an allotment, show that the law was strictly followed and that the proceeding was regular in this regard.

In the second and third specifications it is averred in substance that the proceedings were void for the reason that the viewers had asked for and obtained two extensions of time in which to make and file their report. The commissioners had authority to grant the extensions, and if the viewers found it impossible to complete their work within the time first fixed, they did exactly what the law required them to do. *Bondurant* v. *Armey*, 152 Ind. 244.

The fifth specification is based on the theory that the collection of the assessment should be restrained because the surveyor of Kosciusko county alone accepted the work and issued the certificate. The statute relating to drains in two counties (§§5677-5680 Burns 1894, §§4308-4311 R. S. 1881 and Horner 1897) makes no provision for the acceptance of work by the surveyors of the two counties acting jointly or by either alone; but requires that the proceedings be begun in the county containing the head of the proposed ditch and be governed so far as applicable by the provisions in reference to drains in one county. In *Denton* v. *Thompson*, 136 Ind. 446, it was held that appeals by remonstrators must be taken, irrespective of their residence, to the circuit court of the county whose commissioners had original jurisdiction of the proceedings. The statute relating to drains in two counties contains no reference to appeals. Similarly, the part of this statute directing that such drain be repaired by the joint action of the proper officers of the two counties having been declared inoperative, other parts of the drainage acts were looked to, and it was held that the repairs should be made throughout the entire ditch by the surveyor of the county in which the proceedings originated. *Watkins* v. *State*, 151 Ind. 123. Analogously, it might well be decided that the surveyor of Kosciusko county, that being the county containing the head of the ditch, was the proper

officer to accept the work in both counties. But it is unnecessary to pass upon the question, for this specification fails to show any equities that should entitle appellant to an injunction. It discloses, if anything, a mere irregularity of an officer in carrying out the judgment. It fails to show that appellant has not received all the benefits he would have received if the work had been accepted in what he claims was the proper manner. This ground for injunctive relief is therefore insufficient. *Montgomery* v. *Wasem*, 116 Ind. 343; *Fletcher* v. *White*, 151 Ind. 401.

The sixth specification is as follows: "That plaintiff had no notice of the time set for the hearing of the petition and report of viewers either at the time of the action of the board of commissioners thereon, December 5, 1893, or at the time of the action of said board on the petition and amended and corrected report had on the 9th day of March, 1894, nor did the plaintiff have any notice of the pendency of said proceedings, or of the action of the board of commissioners of Kosciusko county, or of the action of the board of commissioners of Marshall county in said ditch proceedings." From the allegations preceding the specifications it appears that some notice had been given. Personal notice was not required. It is not alleged that the constructive notice provided for by the statute was not given. In the absence of a sufficient averment to the contrary, the presumption is that the statutory notice was given and in the manner and for the time prescribed by the statute, and that the court acquired such jurisdiction of the person of the appellant as enabled it lawfully to make the orders and render the judgment in the ditch proceedings. The allegation "that the plaintiff had no notice" was not sufficient. The complaint must disclose what, if anything, in relation to notice is shown by the record of the proceedings that are collaterally assailed. *Bank* v. *Ault*, 102 Ind. 322; *Baltimore, etc., R. Co.* v. *North*, 103 Ind. 486; *Pickering* v. *State*, 106 Ind. 228; *Bailey* v. *Rinker*, 146 Ind. 129; *Long*

v. *Ruch*, 148 Ind. 74; *Thompson* v. *Harlow*, 150 Ind. 450. In the eighth specification it is contended that the proceedings are void for the reason that the drain was not completed according to the plans and specifications. If the drain was not completed according to the terms of the contract, and the appellant was thereby damaged, he had a legal remedy; and the mere fact that the ditch was not so completed can not be accepted as a sufficient ground for enjoining the collection of the assessment. *Muncey* v. *Joest*, 74 Ind. 409; *Studabaker* v. *Studabaker*, 152 Ind. 89. In the latter case it was held, in reference to an analogous drainage statute, that, although there was no express provision requiring the board to determine when the ditch has been completed according to contract, the act contemplates that the proceedings shall remain on the docket until the final completion of the work and that the board shall pass upon the surveyor's report of completion and that any landowner affected may appear and controvert such report.

The fourth specification, upon which issues were joined, charges that the proceedings are void for the reason that the commissioners of Marshall county did not participate therein "conjointly" with the commissioners of Kosciusko county as required by §5678 Burns 1894, §4309 R. S. 1881 and Horner 1897. · Appellant urges that the decision is contrary to the law and the evidence. The evidence shows that each board, sitting in its own county, had the petition, report, etc., presented to it, and each made the same orders and rendered the same judgment as the other. The insistence of appellant is that the judgment is void because the two boards did not sit together and form themselves into one tribunal. It is very doubtful if that is the correct construction of the statute. Shall the six men act as one body in which three from Marshall county and one from Kosciusko shall establish a ditch in Kosciusko over the opposition of the other two from Kosciusko? Where are the records, the clerk, the seal of the new tribunal? Where shall it sit? Or, shall the

*boards* act conjointly, each in its own place, with its own records, clerk and seal, as the house and senate of a legislative body do in adopting a joint resolution? The boards, in this instance, construed the statute in harmony with the curative act of 1897. Acts 1897 p. 231. But appellant can not require in this collateral attack either a construction of the section in question or a consideration of the legality or effect of the curative act. The boards were compelled to construe a somewhat doubtful and obscure statute in reference to the mode of exercising a jurisdiction that was clearly conferred upon them. If they adopted the wrong construction, it would be an erroneous exercise of power, not a usurpation. Van Fleet's Coll. Attack, §66. Judgment affirmed.